UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BRADLEY D. FLORA, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:16-cv-04581-ADS-SIL |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| THE HAIN CELESTIAL GROUP, INC., IRWIN D. SIMON, PASQUALE CONTE, | |
| Defendants. | |
| RODNEY LYNN, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:16-cv-04589-ADS-SIL |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| THE HAIN CELESTIAL GROUP, INC., IRWIN D. SIMON, PASQUALE CONTE, | |
| Defendants. | Civil Action No. 2:16-cv-04597-ADS-AYS |
| JAMES SPADOLA, Individually and on Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| THE HAIN CELESTIAL GROUP, INC., IRWIN D. SIMON, PASQUALE CONTE, | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF THE SEAFARERS PENSION PLAN, UNITED INDUSTRIAL WORKERS PENSION PLAN, SEAFARERS OFFICERS & EMPLOYEES PLAN, SEAFARERS MONEY PURCHASE PENSION PLAN AND MCS SUPPLEMENTARY PENSION PLAN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

Class members and proposed lead plaintiff Seafarers Pension Plan, United Industrial Workers Pension Plan, Seafarers Officers & Employees Plan, Seafarers Money Purchase Pension Plan and MCS Supplementary Pension Plan (the "Seafarers Plans") respectfully submit this memorandum of law in support of their motion for an order consolidating the above-captioned related actions, appointing the Seafarers Plans as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*, and approving the Seafarers Plans' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the proposed class.

**I.      INTRODUCTION**

Three related securities class actions (the "Related Actions") were filed on August 17, 2016, and are pending in this District, filed on behalf of public investors who purchased or otherwise acquired Hain Celestial, Inc. ("Hain Celestial" or the "Company") securities between November 5, 2015 and August 16, 2016, inclusive (the "Class Period"): (1) *Flora v. Hain Celestial, Inc.*, No. 16-cv-04581; (2) *Lynn v. Hain Celestial, Inc.*, No. 16-cv-04587; and (3) *Spadola v. Hain Celestial, Inc.*, No. 16-cv-04597.  In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they involve identical questions of law and fact. *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.

After consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Seafarers Plans are the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  The Seafarers Plans are related, experienced and sophisticated institutional investors with ample resources and the capability to oversee complex litigation.  The beneficiaries of the Seafarers Plans all fall under the auspices of the Seafarers International Union.  In addition to timely filing this motion, the Seafarers Plans also have a

- 1 -

significant financial interest – an interest believed to be greater than that of any competing movant. And, the Seafarers Plans meet the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because their claims are typical of those of absent class members and the Seafarers Plans will fairly and adequately represent the interests of the proposed class. The Seafarers Plans have also selected Robbins Geller to serve as lead counsel for the putative class in the event their motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Seafarers Plans' chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving the Seafarers Plans' choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

Accordingly, the Seafarers Plans should be appointed Lead Plaintiff and their selection of counsel should be approved.

## II.     STATEMENT OF FACTS

Defendant Hain Celestial is a publicly-traded organic and natural products company with operations in North America, Europe and India. As alleged in the complaints, during the Class Period, defendants misrepresented and failed to disclose material adverse facts regarding the Company's business and prospects, which were known to defendants or recklessly disregarded by them, including that: (a) the Company had been improperly and prematurely recognizing revenues where it had granted customer concessions; (b) Hain Celestial's financial results were materially false and misleading in violation of U.S. Generally Accepted Accounting Principles; (c) Hain Celestial's internal controls were so materially inadequate that its reported results were not reliable; and (d) as a result, the Company was not on track to achieve the financial results it had led the market to believe during the Class Period.

On August 15, 2016, after the close of trading, Hain Celestial issued a press release disclosing that it would have to delay the release of its fourth quarter and fiscal year 2016 financial results. The Company announced that, during the fourth quarter, it had identified concessions that were granted to certain distributors in the United States and it was evaluating whether the revenue associated with those concessions was accounted for properly. Hain Celestial also announced that it was evaluating its internal control over financial reporting. As a result of these disclosures, the price of Hain Celestial common stock fell more than $14 per share to close at $39.35 per share on August 16, 2016, a one-day decline of more than 26%, on extremely high trading volume of more than 41.5 million shares traded, or 25 times the average trading volume over the preceding 10 trading days.

### III.  ARGUMENT

#### A.  The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions assert identical claims on behalf of the same putative class against the same defendants. Accordingly, the Court should consolidate the Related Actions. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006); *Caiafa v. Sea Containers, Ltd.*, No. 06 Civ. 2565 (RMB), 2006 U.S. Dist. LEXIS 57776, at *5 (S.D.N.Y. Aug. 14, 2006) (consolidating related securities class actions).

#### B.  The Seafarers Plans Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action

- 3 -

pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

  (aa) has either filed the complaint or made a motion in response to a notice . . .;

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Seafarers Plans meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Seafarers Plans' Motion Is Timely

On August 17, 2016, notice of the first-filed complaint was published on *GlobeNewswire* and advised class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff 60 days from August 17, 2016, or by October 16, 2016. Declaration of Mario Alba Jr. in Support of Seafarers Pension Plan, United Industrial Workers Pension Plan, Seafarers Officers & Employees Plan, Seafarers Money Purchase Pension Plan and MCS Supplementary Pension Plans' Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Alba Decl."), Ex. A. October 16, 2016 is a Sunday, thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday, is October 17, 2016. Thus, the Seafarers Plans filed within the applicable deadline and their motion should be considered for lead plaintiff appointment.

### 2. The Seafarers Plans Possess the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Seafarers Plans purchased 34,520 shares of Hain Celestial securities at prices artificially inflated by defendants' alleged misconduct and suffered harm of more than $462,000. Alba Decl., Exs. B and C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest than the Seafarers Plans. Therefore, the Seafarers Plans satisfy the PSLRA's prerequisite of having the largest financial interest in the relief sought by the class.

### 3. The Seafarers Plans Otherwise Satisfy Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, the Seafarers Plans' claims are typical because, like all members of the putative class, they purchased Hain Celestial securities during the Class Period at prices artificially inflated by

- 5 -

defendants' materially false and misleading statements and suffered damages when the truth was revealed. The Seafarers Plans' claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove defendants' liability. Thus, the Seafarers Plans satisfy the typicality requirements of Rule 23(a)(3).

The Seafarers Plans are also adequate representatives for the proposed class. Their substantial financial interest in the outcome of the action demonstrates that their interests are aligned with those of the class. Moreover, as related institutional investors, the Seafarers Plans have the resources and experience to ensure vigorous and competent advocacy for the benefit of the putative class members, and are the type of investor Congress intended would lead securities class actions. The relatedness of the Seafarers Plans is indicated by the fact that their Sworn Certifications were all signed by the same individual who is authorized to act on behalf of the Seafarers Plans in this litigation. Alba Decl., Ex. B. And, the Seafarers Plans have selected highly experienced counsel committed to zealously and efficiently prosecuting this action to a successful conclusion. Counsel for the Seafarers Plans also represents an individual plaintiff who suffered significant losses in Hain Celestial common stock and options and who is willing to serve as a class representative. Thus, the Seafarers Plans satisfy the adequacy requirements of Rule 23(a)(4).

Because the Seafarers Plans are the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Seafarers Plans should be appointed Lead Plaintiff.

### C. The Seafarers Plans' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-

4(a)(3)(B)(iii)(II)(aa).  Here, the Seafarers Plans have selected Robbins Geller to serve as lead counsel for the proposed class.  *See* Alba Decl., Ex. D.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this action for the benefit of the class.  With more than 200 lawyers in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.  District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Sgalambo*, 258 F.R.D. at 175, 177 (appointing Robbins Geller lead counsel and noting its "substantial securities class action experience"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Alba Decl., Ex. D.

Moreover, Robbins Geller has represented injured investors as lead counsel in this District.  *See, e.g.*, *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-00864 (SLT) (RER), 2011 U.S. Dist. LEXIS 88552, at *14 (E.D.N.Y. May 31, 2011) ("Given the firm's extensive experience, Robbins Geller is an appropriate selection of lead counsel."); *see also In re DHB Indus., Inc. Class Action Litig.*, No. 2:05-CV-04296-JS-ETB (E.D.N.Y.) ($34.9 million recovery); *Mass. Bricklayers and Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, No. 2:08-cv-03178-LDW-ARL (E.D.N.Y.) ($32.5 million recovery); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust, Inc.*, No. 08-CV-01418 (E.D.N.Y. ($24.9 million recovery).

Thus, the Court can be assured that by approving the Seafarers Plans' choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV. CONCLUSION

The Seafarers Plans timely filed this motion seeking appointment as lead plaintiff, possess the largest financial interest in this litigation of any qualified plaintiff of which their counsel is aware, and will fairly and adequately represent the interests of the putative class. The Seafarers Plans have also retained counsel with the resources and experience necessary to adequately represent the interests of the class in this action. For these reasons, the Court should appoint the Seafarers Plans as Lead Plaintiff and approve their selection of Robbins Geller as Lead Counsel for the class.

DATED: October 17, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

s/ Mario Alba Jr.
MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2016.

                                        s/ MARIO ALBA JR.
                                        MARIO ALBA JR.

                                        ROBBINS GELLER RUDMAN
                                                          & DOWD LLP
                                        58 South Service Road, Suite 200
                                        Melville, NY 11747
                                        Telephone: 631/367-7100
                                        631/367-1173 (fax)

                                        E-mail: malba@rgrdlaw.com

# Mailing Information for a Case 2:16-cv-04581-ADS-SIL Flora v. The Hain Celestial Group, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason Daniel Gerstein**
  jason.gerstein@dlapiper.com,docketingnewyork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com,jason-gerstein-5263@ecf.pacerpro.com

- **Timothy E. Hoeffner**
  timothy.hoeffner@dlapiper.com,danica.joseph-boxill@dlapiper.com,docketingnewyork@dlapiper.com,timothy-hoeffner-1794@ecf.pacerpro.com,new-york-docketing-7871@ecf.pacerpro.com,4986@ecf.pacerpro.com

- **J. Alexander Hood**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Gregory B. Linkh**
  glinkh@glancylaw.com,glinkh@yahoo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`