UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re The Hain Celestial Group Inc. Securities Litigation | Case No. 16-cv-04581 (ADS) (SIL) |
| | Hon. Arthur D. Spatt |

**LEAD PLAINTIFFS' OPPOSITION TO
THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Lead Plaintiffs Salamon Gimpel and Rosewood Funeral Home ("Plaintiffs") hereby submit this opposition to the Individual Defendants' Motion to Dismiss (ECF No. 116) the Second Amended Consolidated Class Action Complaint (ECF No. 110) (the "SAC" or "¶__"). Plaintiffs incorporate herein their Opposition to Defendant Hain's Motion to Dismiss (the "Opposition"), filed contemporaneously.

## ARGUMENT

In seeking to separately move to dismiss the Section 20(a) claim, the Individual Defendants contest the existence of a primary securities violation and their culpable participation, but tacitly concede control (which the SAC alleges). Mot. at 1. These arguments should be rejected.

***First***, for the reasons detailed in the Opposition, Plaintiffs have sufficiently alleged a primary violation.

***Second***, even if "culpable participation" is a required element of a Section 20(a) claim, the SAC adequately alleges it. The SAC alleges that the Individual Defendants (including CEO Irwin D. Simon (¶26), CFOs Pasquale Conte and Stephen J. Smith (¶¶27-28), and Executive Director John Carroll (¶29)) were "culpable participants" in the alleged fraud meaning, they knew or should have known that Hain was engaging in fraudulent conduct. *See Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.,* 33 F. Supp. 3d 401, 438 (S.D.N.Y. 2014).

Indeed, the SAC alleges that each of the Individual Defendants had actual involvement in the making of the fraudulent statements by, among other things, participating in Hain's earnings calls on which allegedly false statements were issued (¶¶26-29, 251-91), and with respect to Defendants Simon, Smith, and Conte, also signing Hain's false and misleading financial statements. ¶¶26-29, 163-250, 295, 298, 301, 304, 307, 309, 313-14. In addition, the SAC alleges

that, during the Class Period, the Individual Defendants, as senior executives of the Company, were able to and did, in fact, control the content of various SEC filings, press releases, and other public statements pertaining to Hain. ¶¶40-43. This is sufficient under Section 20(a). *See Hall v. Children's Place Retail Store, Inc.*, 580 F. Supp. 2d 212, 235 (S.D.N.Y. 2008) (executives were "culpable participants" in the fraud because complaint alleged facts supporting an inference that they not only exerted control over the company, but also participated in the alleged improprieties); *In re Barrick Gold Sec. Litig.*, No. 13-cv-3851 (SAS), 2015 WL 1514597, at *16 (S.D.N.Y. Apr. 1, 2015) (holding that even "sparse" 20(a) allegations suffice). Moreover, even though culpable participation does not require proof of scienter, the SAC pleads that the Individual Defendants had the requisite scienter for the primary violation. Thus, culpable participation is adequately pled. *See In re OSG Sec. Litig.*, 12 F. Supp. 3d 622, 634 n.96 (S.D.N.Y. 2014) (culpable participation is a less demanding standard than scienter).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Individual Defendants' motion to dismiss.

DATED: August 5, 2019                    Respectfully submitted,

By: /s/ *Jonathan Gardner*
Jonathan Gardner
Christine M. Fox
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com
cfox@labaton.com


*Counsel for Rosewood Funeral Home and*
*Co-Lead Counsel for the Class*


Lionel Z. Glancy
Robert V. Prongay
Joshua L. Crowell
Leanne H. Solish
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel.: (310) 201-9150
*Fax:* (310) 201-9160
lglancy@glancylaw.com
rprongay@glancylaw.com
jcrowell@glancylaw.com
lsolish@glancylaw.com

*Counsel for Salamon Gimpel and Co-Lead*
*Counsel for the Class*