# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re The Hain Celestial Group Inc. Securities Litigation | Case No. 2:16-cv-04581-JS-LGD <br><br> Hon. Joanna Seybert |

# LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.     THE COMPLAINT ADEQUATELY PLEADS FALSE AND MISLEADING STATEMENTS AND OMISSIONS ........................................................................... 2

II.    THE COMPLAINT ADEQUATELY PLEADS SCIENTER ............................................ 6

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abuhamdan v. Blyth, Inc.*,
 9 F. Supp. 3d 175 (D. Conn. 2014) ...................................................................................... 6

*In re AT&T/DirecTV Now Sec. Litig.*,
 480 F. Supp. 3d 507 (S.D.N.Y. 2020) .................................................................................. 5

*In re Avon Sec. Litig.*,
 2019 WL 6115349 (S.D.N.Y. Nov. 18, 2019) ................................................................. 4, 7

*Behrendsen v. Yangtze River Port & Logistics Ltd.*,
 2021 WL 2646353 (E.D.N.Y. June 28, 2021) ...................................................................... 6

*Boca Raton Firefighters and Police Pension Fund v. Bahash*,
 506 F. App'x 32 (2d Cir. 2012) ............................................................................................ 5

*Bricklayers & Masons Loc. Union No. 5 Ohio Pension Fund v. Transocean Ltd.*,
 866 F. Supp. 2d 223 (S.D.N.Y. 2012) .................................................................................. 3

*In re Campbell Soup Co. Sec. Litig.*,
 145 F. Supp. 2d 574 (D.N.J. 2001) ...................................................................................... 5

*City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. PLC*,
 2022 WL 596679 (S.D.N.Y. Feb. 28, 2022) ......................................................................... 6

*City of Warren Police & Fire Ret. Sys. v. Foot Locker*,
 412 F. Supp. 3d 206 (E.D.N.Y. 2019) .................................................................................. 4

*Francisco v. Abengoa, S.A.*,
 481 F. Supp. 3d 179 (S.D.N.Y. 2020) .................................................................................. 4

*Galestan v. OneMain Holdings, Inc.*,
 348 F. Supp. 3d 282 (S.D.N.Y. 2018) .................................................................................. 3

*Gavish v. Revlon*,
 2004 WL 2210269 (S.D.N.Y. Sept. 30, 2004) ..................................................................... 8

*Giunta v. Dingman*,
 893 F.3d 73 (2d Cir. 2018) ................................................................................................... 2

*In re Hain Celestial Grp., Inc. Sec. Litig.*,
 20 F.4th 131 (2d Cir. 2021) ............................................................................................. 1, 6

*Hall v. The Children's Place Retail Stores, Inc.*,
  580 F. Supp. 2d 212 (S.D.N.Y. 2008)................................................................................7

*Lipsky v. Commonwealth United Corp.*,
  551 F.2d 887 (2d Cir. 1976)...............................................................................................8

*Manavazian v. ATEC Grp., Inc.*,
  160 F. Supp. 2d 468 (E.D.N.Y. 2001) ...............................................................................4

*Matrixx Initiatives, Inc. v. Siracusano*,
  563 U.S. 27 (2011)..............................................................................................................2

*Meyer v. Jinkosolar Holdings Co., Ltd.*,
  761 F.3d 245 (2d Cir. 2014)...............................................................................................2

*Murphy v. Precision Castparts Corp.*,
  2017 WL 3084274 (D. Or. June 27, 2017) .................................................................. 4-5

*In re NIO, Inc. Sec. Litig.*,
  2021 WL 3566300 (E.D.N.Y. Aug. 12, 2021)..................................................................2

*Novak v. Kasaks*,
  216 F.3d 300 (2d Cir. 2000)...........................................................................................3, 4

*Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*,
  367 F. Supp. 3d 16 (S.D.N.Y. 2019)..................................................................................7

*In re OSG Sec. Litig.*,
  12 F. Supp. 3d 622 (S.D.N.Y. 2014)..................................................................................8

*In re Romeo Power Sec. Litig.*,
  2022 WL 1806303 (S.D.N.Y. June 2, 2022) ....................................................................8

*In re Salix Pharms., Ltd.*,
  2016 WL 1629341 (S.D.N.Y. Apr. 22, 2016)................................................................6, 7

*San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*,
  75 F.3d 801 (2d Cir. 1996).................................................................................................4

*In re Scholastic Corp. Securities Litigation*,
  252 F.3d 63 (2d Cir. 2001).................................................................................................3

*In re Sci.-Atlanta, Inc. Sec. Litig.*,
  239 F. Supp. 2d 1351 (N.D. Ga. 2002) ......................................................................... 4-5

*Solomon v. Sprint Corp.*,
  2022 WL 889897 (S.D.N.Y. Mar. 25, 2022) ....................................................................7

*Swanson v. Interface, Inc.*,
  2022 WL 2003990 (E.D.N.Y. June 6, 2022) ...........................................................................7

*Tellabs, Inc. v. Makor Issues & Rts, Ltd.*,
  551 U.S. 308 (2007) ................................................................................................................2

*In re Twinlab Corp. Sec. Litig.*,
  103 F. Supp. 2d 193 (E.D.N.Y. 2000) ....................................................................................5

*Villare v. Abiomed, Inc.*,
  2021 WL 4311749 (S.D.N.Y. Sept. 21, 2021) .........................................................................6

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
  195 F. Supp. 3d 528 (S.D.N.Y. 2016) .....................................................................................3

*In re Vivendi, S.A. Sec. Litig.*,
  838 F.3d 223 (2d. Cir. 2016) ...................................................................................................2

## INTRODUCTION

The Parties are once-again briefing a motion to dismiss Plaintiffs' case which focuses on the Defendants' conduct from 2013 to 2017.[1] The Second Circuit vacated the dismissal of the SAC and remanded the Action for this Court "to consider afresh whether the Complaint adequately stated a claim under Rule 10b-5(b)" (*In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 138 (2d Cir. 2021)). The Second Circuit correctly summarized the SAC's theory of the case: "Defendants made statements attributing Hain's high sales volume to strong consumer demand, while omitting to state that increased competition had weakened consumer demand and that Hain's high sales volume was achieved in significant part by the offer of unsustainable channel stuffing incentives." *Id.* at 137. Importantly, the Second Circuit held that "***[t]he success of such a complaint in alleging a violation of clause (b) does not depend on whether the alleged channel stuffing practices themselves were fraudulent or otherwise illegal***." *Id.* (emphasis added). On scienter, the Second Circuit explicitly held that "[o]n remand, the district court should independently reassess the sufficiency of the scienter allegations, considering the cumulative effect of the circumstantial allegations of intent together with the pleaded facts relating to motive and opportunity." *Id.* at 138. Yet, Defendants' supplemental memorandum ("SM") simply regurgitates both off-point arguments only tangentially related to Plaintiffs' well-pled allegations and retreads issues already raised in Defendants' prior motions to dismiss. Defendants' motion to dismiss the SAC should be denied, thus permitting this case to proceed to discovery.

---

[1] The Second Amended Consolidated Class Action Complaint, filed on May 6, 2019 (ECF No. 110) (the "SAC" or "¶__"), remains the operative complaint.

1

# ARGUMENT

"To survive a motion to dismiss for claims under Section 10(b), plaintiffs must plausibly allege: (1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *In re NIO, Inc. Sec. Litig.*, 2021 WL 3566300, at *8 (E.D.N.Y. Aug. 12, 2021). The Court must "accept all factual allegations … as true," *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007), and draw "all reasonable inferences in the [Plaintiff's] favor," *Giunta v. Dingman*, 893 F.3d 73, 78-79 (2d Cir. 2018).[2]

## I. THE COMPLAINT ADEQUATELY PLEADS FALSE AND MISLEADING STATEMENTS AND OMISSIONS

To support a finding of liability, Rule 10b-5 requires pleading a statement that is either "untrue" outright or "misleading" by virtue of what it omits to state, so-called "half-truths." *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 239-40 (2d. Cir. 2016) ("half-truths," *i.e.*, true statements that create a materially misleading impression, support claims for securities fraud). Omissions are actionable when a corporation has a duty to disclose the omitted facts. *Id.* at 239. Although there is no general duty to disclose all material information, such a duty arises from Rule 10b-5's requirement to disclose "material fact[s] necessary" to make statements not misleading. *See Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011) ("Disclosure is required… when necessary 'to make … statements made, in the light of the circumstances under which they were made, not misleading.'"). "Even when there is no existing independent duty to disclose information, once a company speaks on an issue or topic, there is a duty to tell the whole truth." *Meyer v. Jinkosolar Holdings Co., Ltd.*, 761 F.3d 245, 250 (2d Cir. 2014).

---

[2] Plaintiffs incorporate, in full, their December 1, 2017 and August 5, 2019 oppositions to Defendants' motions to dismiss (ECF Nos. 87, 118, 119), as well as additional briefing on the motion to dismiss. ECF Nos. 99, 101.

***Defendants' Statements Misled Investors And Are Actionable.*** The Second Circuit "do[es] not require the pleading of detailed evidentiary matter," *In re Scholastic Corp. Securities Litigation*, 252 F.3d 63, 72 (2d Cir. 2001), but only facts sufficient "to support a reasonable belief" that defendants' statements were materially false or misleading. *Novak v. Kasaks*, 216 F.3d 300, 314 n.1 (2d Cir. 2000). Plaintiffs have done so here, pleading that Defendants made materially false and misleading statements and omissions about: (1) the Company's financial results and its drivers (¶¶163-319; 263-67); (2) Hain's accounting policies and practices (¶¶283, 293-99); (3) its distributors' inventory levels (¶¶174, 190, 198, 251, 254, 257, 260, 281, 286, 291); and (4) sales and trade promotions reporting (¶¶294, 297, 300-301, 303-304).

***Plaintiffs' Claim Is Not Based on Inactionable Puffery.*** Defendants contend that Plaintiffs' reliance upon "statements characterizing corporate results as 'strong' are inactionable puffery. SM at 2. However, courts "must exercise great caution" when considering a puffery defense at the "motion to dismiss stage" because "materiality determinations entail delicate, fact-intensive assessments that are more properly left to the jury." *Bricklayers & Masons Loc. Union No. 5 Ohio Pension Fund v. Transocean Ltd.*, 866 F. Supp. 2d 223, 244 (S.D.N.Y. 2012). Furthermore, statements of optimism and puffery can be actionable "if they contradict facts that are known to a defendant," *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 195 F. Supp. 3d 528, 537 (S.D.N.Y. 2016), or where they amount to "misrepresentations of existing facts that were made even though the speaker knew that the contrary was true," *Galestan v. OneMain Holdings, Inc.*, 348 F. Supp. 3d 282, 298 (S.D.N.Y. 2018).

Defendants' statements regarding Hain's financial results and the drivers of those results are materially false and misleading because Defendants failed to disclose that those results were generated by relying on unsustainable sales practices and did not reflect normal and sustainable

3

demand. *See* ¶¶164-247, 251, 254-55, 257, 260, 263, 266, 269, 272, 275. Rather, Defendants attributed Hain's sales results to a variety of organic factors: "strong brand contribution" (¶165); "expanded distribution" (¶251); "strong demand" and "momentum for organic natural products" (¶¶181, 190); a "diverse portfolio" of brands (¶219); "solid execution of [Hain's] operational initiatives (¶242); "deeper penetration in key accounts" and "strong consistent consumer demand" (¶¶257, 260, 266), and "demand for healthy [] products" (¶¶269, 272).

Defendants ask this Court to conclude, as a matter of law at the pleading stage and based on a cherry-picked single summary allegation, that the alleged misstatements regarding the drivers of Hain's revenue are immaterial puffery. SM at 2 (citing ¶58). But courts are "neither required nor permitted to view such statements in isolation." *In re Avon Sec. Litig.*, 2019 WL 6115349, at *16 (S.D.N.Y. Nov. 18, 2019). When viewed in context, Defendants' statements are not mere "rosy predictions," but instead are concrete "misrepresentations of existing fact." *Novak*, 216 F.3d at 315 (statements that inventory situation was "in good shape" or "under control" not puffery); *Manavazian v. ATEC Grp., Inc.*, 160 F. Supp. 2d 468, 481 (E.D.N.Y. 2001) (positive characterizations of business made while defendants were aware of adverse business trend rendered misleading statements not puffery).[3]

**There Is a Duty to Disclose "Unsustainable" Practices**. Courts regularly find statements actionable when a company attributes sales to factors such as strong demand without disclosing reliance on unsustainable sales practices. *See, e.g.*, *Murphy v. Precision Castparts Corp.*, 2017 WL 3084274, at *9 (D. Or. June 27, 2017) ( "nothing inherently wrong" with

---

[3] Defendants' cited cases add nothing to the context-specific analysis that must be performed here. *See San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 806, 807, 811 (2d Cir. 1996) ("strong growth" puffery in context of forward-looking statements about expected earnings); *City of Warren Police & Fire Ret. Sys. v. Foot Locker*, 412 F. Supp. 3d 206, 221 (E.D.N.Y. 2019) ("strong leadership position" puffery because unverifiable claims upon which no reasonable investor could rely); *Francisco v. Abengoa, S.A.*, 481 F. Supp. 3d 179, 211 (S.D.N.Y. 2020) ("strong business performance" was puffery because plaintiffs failed to show defendants could not reasonably have believed their public statements).

4

pulling in sales from a future quarter but statements actionably misleading without disclosing reliance on discounts and extended payment options); *In re Sci.-Atlanta, Inc. Sec. Litig.*, 239 F. Supp. 2d 1351, 1362-63 (N.D. Ga. 2002) (nothing "inherently wrongful" with "pressing for sales to made earlier than in the normal course" but concealing reliance on it is misleading); *In re Campbell Soup Co. Sec. Litig.*, 145 F. Supp. 2d 574, 588-89 (D.N.J. 2001) (disclosure of company's sales figures and growth projections prompted "concomitant obligation to divulge their loading"). Once Defendants made statements attributing Hain's sales results to certain factors, they had a duty to tell the whole truth about how Hain's sales were in fact generated. *See In re Twinlab Corp. Sec. Litig.*, 103 F. Supp. 2d 193, 202 (E.D.N.Y. 2000) ("Twinlab was consistently 'robbing Peter to pay Paul'; accelerating the recognition of revenues into an earlier financial quarter; and therefore portraying the company's current performance as more robust than it actually was.").

Defendants' reliance on *Boca Raton Firefighters and Police Pension Fund v. Bahash*, 506 F. App'x 32, 38 (2d Cir. 2012) for the proposition that the Second Circuit has "easily rejected" omission liability when a company fails to "acknowledge the long-term unsustainability of its business model" is again misplaced for the reasons in Plaintiffs' Reply Brief. ECF No. 101 at 3-4. In short, the *Bahash* plaintiffs alleged that defendants' entire credit-ratings services method "was basically a sham," and thus defendants concealed "the long-term unsustainability ***of [the company's entire] business model***." *Bahash*, 506 F. App'x at 34, 38. Here, Plaintiffs argue Defendants used unsustainable sales tactics to obscure competitor sales pressure from the investing public. Because *Bahash* is inapposite, the cases Defendants cite as its progeny are too.[4]

---

[4] Defendants' cited cases are distinguishable. *See In re AT&T/DirecTV Now Sec. Litig.*, 480 F. Supp. 3d 507, 527 (S.D.N.Y. 2020) (finding no falsity based on failure to disclose "anecdotal incidents of improper sales tactics");

5

***Defendants Did Not Adequately Disclose Hain's Reliance On "Unsustainable" Practices and Violations of GAAP.*** Defendants argue that, because they disclosed the aggressive sales tactics generally, Plaintiffs fail to state a claim. Defendants are wrong.

First, the "truth-on-the-market defense is intensely fact-specific and is rarely an appropriate basis for dismissing a § 10(b) complaint." *City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. PLC*, 2022 WL 596679, at *12 (S.D.N.Y. Feb. 28, 2022).

Second, Hain's quarterly and annual reported financial results during the Class Period, including net sales, net income, and EPS, were materially overstated in violation of GAAP ***because the Company failed to account for the off-invoice sales concessions and incentives granted to distributors***, including with respect to revenue recognition. ¶250; *see In re Salix Pharms., Ltd.*, 2016 WL 1629341, at *6 (S.D.N.Y. Apr. 22, 2016) (falsity where increased inventory levels undisclosed).[5]

## II.     THE COMPLAINT ADEQUATELY PLEADS SCIENTER

The Second Circuit found that "the Court failed [] to assess the total weight of the circumstantial allegations *together with* the allegations of motive and opportunity. This was in error." *Hain*, 20 F.4th at 137-38. In assessing scienter allegations, the Court may also impute each Individual Defendant's scienter to Hain. *Behrendsen v. Yangtze River Port & Logistics Ltd.*, 2021 WL 2646353, at *13 (E.D.N.Y. June 28, 2021) (corporate scienter pled "most straightforward way" through individual whose mental state attributable to corporation.

Here, Plaintiffs have adequately pleaded a plethora of facts that, when assessed

---

*Villare v. Abiomed, Inc.*, 2021 WL 4311749, at *12 (S.D.N.Y. Sept. 21, 2021) (finding no falsity where plaintiff did not plead "specific factual allegation indicating that future growth was assured to decline"); *Abuhamdan v. Blyth, Inc.*, 9 F. Supp. 3d 175, 193-94 (D. Conn. 2014) (finding no falsity where plaintiffs did not challenge accuracy of historical data, but only conduct that they conceded would be "short-lived").

[5] Even the SEC Consent Order acknowledged that Hain's sales incentives "could have financial reporting implications." SEC Consent Order at 3. ECF 103-1.

6

holistically, adequately allege Defendants acted with scienter under both the "motive and opportunity" and "circumstantial evidence" prongs of the scienter analysis. *See Solomon v. Sprint Corp.*, 2022 WL 889897, at *9 (S.D.N.Y. Mar. 25, 2022) (finding scienter where Defendants publicly discussed only successes from sales program despite internal knowledge numbers were changing or were wrong); *Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 37 (S.D.N.Y. 2019) (same).

***Plaintiffs Are Not Required to Plead an Absolute Right of Return.*** Contrary to Defendants' repeated assertions, Plaintiffs are not required to plead an absolute right of return to show scienter. *Lexmark*, 367 F. Supp. 3d at 32 (scienter adequately pled without right of return allegation); *Salix*, 2016 WL 1629341, at *13-17 (same).

***GAAP and Internal Controls Violations Support Scienter.*** Hain's GAAP violations and a lack of internal controls during the Class Period support scienter.[6] *See Swanson v. Interface, Inc.*, 2022 WL 2003990, at *2 (E.D.N.Y. June 6, 2022) (finding scienter where defendants knew company would miss earnings forecasts and took actions in violation of GAAP to meet targets). This is especially so when coupled with the restatement to correct Class Period revenue recognition errors and accounts from confidential witnesses corroborating these violations. *See Hall v. The Children's Place Retail Stores, Inc.*, 580 F. Supp. 2d 212, 233 (S.D.N.Y. 2008) (internal controls weaknesses probative of scienter). And "accounting manipulations involving premature revenue recognition … are especially indicative of conscious misbehavior since schemes do not commonly occur inadvertently." *Avon*, 2019 WL 6115349, at *21.[7]

---

[6] The SAC is replete with allegations of accounting manipulations and weak internal controls. ¶¶34, 70, 100, 102, 104, 113, 115, 117, 157, 162, 185-86, 306-309, 313-17.

[7] Defendants' purported authority is inapposite. Plaintiffs have pled "particularized allegations of fraudulent intent" (SM at 6 citing *In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 345 (W.D.N.Y. 2008)). Moreover, *West Virginia Investment Management Board v. Doral Financial Corp.* concerns **auditor** scienter.

7

***Simon and Carroll's Participation in Sales Negotiations Supports Scienter.*** Because Defendants Simon and Carroll personally negotiated the sales concession for U.S. distributors, "defendants are unlikely to have overstated sales in the manner alleged without being aware of it." *Gavish v. Revlon,* 2004 WL 2210269, at *12 (S.D.N.Y. Sept. 30, 2004). Indeed, Simon and Carroll personally arranged for the off-invoice concessions, sales and revenue figures "smoothing," and other "special deals." ¶¶53-56, 66-68, 71-81, 91-97, 105, 372-73. These allegations sufficiently plead scienter. *See In re Romeo Power Sec. Litig.*, 2022 WL 1806303, at *4 (S.D.N.Y. June 2, 2022) (scienter where defendant "personally leading" negotiations).

***Suspicious Stock Sales and Their Timing Support Scienter.*** During the Class Period, Defendant Carroll sold approximately 74% of his eligible Hain shares and Defendant Simon disposed of more than 66% of the total Hain shares he could sell. ¶¶358-359.

***Terminations, Resignations, and Demotions Support Scienter.*** Hain terminated employees who questioned Defendants' channel stuffing practices (¶¶91-92, 95, 113-14), supporting scienter. *See In re OSG Sec. Litig.*, 12 F. Supp. 3d 622, 632-33 (S.D.N.Y. 2014).

***The SEC Consent Order Does Not Negate Scienter.*** The SEC Consent Order does not "defeat[] any inference of wrongful intent" because it is the result of a negotiated compromise between Hain and the SEC. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Moreover, the SEC Consent Order found that sales concessions were made and that internal control weaknesses existed. These findings further support a strong inference that the Individual Defendants were aware of the misleading nature of their public statements.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to dismiss.

DATED: June 9, 2022                     Respectfully submitted,

/s/      *Christine M. Fox*
Carol C. Villegas
Christine M. Fox
James M. Fee
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
Email: cvillegas@labaton.com
          cfox@labaton.com
          jfee@labaton.com

*Counsel for Lead Plaintiff Rosewood Funeral Home and Co-Lead Counsel for the Class*


Robert V. Prongay
Leanne Heine Solish
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Tel.: (310) 201-9150
Fax: (310) 201-9160
Email: rprongay@glancylaw.com
          lsolish@glancylaw.com

*Counsel for Lead Plaintiff Salamon Gimpel and Co-Lead Counsel for the Class*