# Exhibit 1

EXECUTION VERSION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE HAIN CELESTIAL GROUP INC., SECURITIES LITIGATION | Case No. 2:16-cv-04581-JS-LGD<br>Hon. Lee G. Dunst |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") is made and entered into by and between Lead Plaintiffs Rosewood Funeral Home ("Rosewood") and Salamon Gimpel ("Gimpel," collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and The Hain Celestial Group, Inc. ("Hain" or the "Company"), Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith (the "Individual Defendants," and, together with Hain, "Defendants"), on the other, and embodies the terms and conditions of the settlement (the "Settlement") of the above-captioned action (the "Action").

**WHEREAS:**

A. All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof, entitled "Definitions."

B. On August 17, 2016, the Action was commenced by the filing of a complaint in the securities class action captioned *Flora v. The Hain Celestial Group, Inc., et al.*, No. 2:16-cv-04581, in the United States District Court for the Eastern District of New York (the "Court"), which asserted claims against the Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. ECF No. 1.

C. On August 17, 2016, two related securities class actions were commenced, *Lynn v. The Hain Celestial Group, Inc. et al.*, 2:16-cv-04589 (E.D.N.Y) and *Spadola v. The Hain Celestial Group, Inc. et al.*, 2:16-cv-04597 (E.D.N.Y), with accompanying Statements of Relatedness to the Action, which asserted related claims against Defendants Hain, Simon, and Conte under Section 10(b) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder, as well as against the Defendants Simon and Conte under Section 20(a) of the Exchange Act (the "Related Actions"). ECF Nos. 6-7.

D. On October 6, 2016, the Honorable Leonard D. Wexler entered an Order setting the deadline for filing a consolidated amended complaint sixty days after the entry of an order appointing lead plaintiff and lead counsel. ECF No. 12.

E. On October 17, 2016, Gimpel moved the Court for an Order: (1) consolidating the Related Actions with the Action; (2) appointing Gimpel as Lead Plaintiff; and (3) approving Gimpel's selection of Glancy Prongay & Murray LLP (n/k/a Glancy Prongay Wolke & Rotter LLP) ("Glancy") and the Law Offices of Howard G. Smith as lead counsel for the proposed class. ECF No. 17. On October 17, 2016, Rosewood also moved the Court for an Order: (1) consolidating the Related Actions with the Action; (2) appointing Rosewood as Lead Plaintiff; and (3) approving Rosewood's selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) ("Labaton") and Goldberg Law PC ("Goldberg") as lead counsel for the proposed class. ECF No. 25.

F. On June 5, 2017, the Honorable Arthur D. Spatt issued an Order that consolidated the Related Actions with the Action, appointed Rosewood and Gimpel as Co-Lead Plaintiffs, and approved their selection of Labaton, Goldberg, Glancy, and the Law Offices of Howard G. Smith

as Co-Lead Counsel for the Class. The Court also recaptioned the Action as *In re The Hain Celestial Group Inc. Securities Litigation*, 16-cv-04581-ADS-SIL. ECF No. 56.

G. On August 4, 2017, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violations of Federal Securities Laws, which alleged violations of Section 10(b) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act, on behalf of a class consisting of all persons and entities that purchased or otherwise acquired the publicly traded common stock of Hain, and call and put options on such publicly traded common stock, during the period from November 5, 2013 through February 10, 2017, inclusive. ECF No. 68.

H. On August 22, 2017, Lead Plaintiffs moved for leave to file a corrected consolidated class action complaint. ECF. Nos. 72-73. On September 7, 2017, the Court granted Lead Plaintiffs' motion (ECF No. 74), and that same day, Lead Plaintiffs filed a Corrected Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Amended Complaint"). ECF No. 75.

I. On October 3, 2017, Defendants filed a motion to dismiss the Amended Complaint (the "Motion to Dismiss"). ECF No. 81. Lead Plaintiffs opposed the Motion to Dismiss on December 1, 2017. ECF No. 87. On January 16, 2018, Defendants filed a reply brief in further support of the Motion to Dismiss. ECF No. 91.

J. On March 29, 2019, Judge Spatt issued a Decision and Order granting Defendants' Motion to Dismiss. The Court directed Lead Plaintiffs to file a second amended complaint within 30 days of the Order. ECF No. 106.

K. On May 6, 2019, Lead Plaintiffs filed the Second Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Second Amended Complaint" or "SAC"). ECF No. 110.

L. On June 20, 2019, Defendants filed their motions to dismiss the Second Amended Complaint (the "Second Motions to Dismiss"). ECF Nos. 113, 116. Lead Plaintiffs opposed the Second Motions to Dismiss on August 5, 2019. ECF Nos. 118, 119. On September 3, 2019, Defendants filed replies in further support of the Second Motions to Dismiss. ECF Nos. 120, 121.

M. On April 6, 2020, Judge Spatt issued a Decision and Order that granted Defendants' Second Motions to Dismiss and dismissed the Second Amended Complaint with prejudice. ECF No. 122.

N. On May 5, 2020, Lead Plaintiffs filed a notice of appeal (2d Cir. Dkt. No. 20-1517, ECF No. 124), and on August 18, 2020, Lead Plaintiffs filed their opening brief with the Second Circuit Court of Appeals (the "Second Circuit"). Defendants filed their responsive brief on November 17, 2020, and Lead Plaintiffs filed their reply brief on December 8, 2020.

O. On December 17, 2021, after oral argument, the Second Circuit issued an Opinion and Order vacating the judgment of the district court and remanding the case for further consideration of Lead Plaintiffs' scienter allegations in the SAC. 2d Cir. Dkt. No. 20-1517, ECF No. 125. The Second Circuit issued its mandate on January 7, 2022. 2d Cir. Dkt. No. 20-1517, ECF No. 126.

P. After the passing of Judge Spatt, on February 1, 2022, the case was reassigned to the Honorable Joanna Seybert. ECF No. 128.

Q. On April 14, 2022, the Court ordered further briefing on the Second Motions to Dismiss. ECF No. 131.

R. On June 14, 2022, Judge Seybert referred Defendants' Second Motions to Dismiss to Magistrate Judge Lee G. Dunst for a report and recommendation.

S. On August 29, 2022, the Court granted The Schall Law Firm's ("Schall") Motion to Amend for Consolidation, Appointment of Co-Lead Plaintiffs, and Approval of Selection of Co-Lead Counsel (ECF No. 138), thereby substituting Schall for Goldberg as Co-Lead Counsel in this Action. ECF No. 139.

T. On October 13, 2022, Co-Lead Counsel and Defendants' Counsel (defined below), among others, participated in an in-person mediation session before David Murphy of Phillips ADR Enterprises (the "Mediator"), a well-respected and experienced mediator. In advance of the session, the Parties (defined below) submitted mediation statements to the Mediator. The session ended without any settlement being reached. ECF No. 141.

U. On November 4, 2022, Magistrate Dunst issued a Report & Recommendation granting Defendants' Second Motions to Dismiss ("R&R"). ECF No. 142.

V. On September 29, 2023, Judge Seybert issued an order adopting Magistrate Judge Dunst's R&R as to scienter, and granting Defendants' Second Motions to Dismiss. ECF No. 148.

W. On October 26, 2023, Lead Plaintiffs filed a notice of appeal (2d Cir. Dkt. 23-7612, ECF No. 34) and, on February 12, 2024, Lead Plaintiffs filed their opening brief. On May 13, 2024, Defendants filed their responsive brief, and, on June 3, 2024, Lead Plaintiffs filed their reply brief.

X. On September 29, 2025, after oral argument, the Second Circuit issued an Opinion and Order vacating the judgment of the district court, finding that falsity, scienter, and loss causation had been adequately pled, and remanding the case for discovery and further proceedings. ECF No. 151. Defendants' motion for rehearing en banc and panel rehearing was subsequently denied, and the mandate was issued on December 23, 2025. ECF No. 154.

Y. Prior to the start of discovery in the Action, Lead Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Individual Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Co-Lead Counsel contacted 82 former Hain employees and other persons with relevant knowledge. Co-Lead Counsel interviewed 27 of these individuals (eight of whom provided information used in the SAC and were designated as confidential witnesses or "CWs"). Co-Lead Counsel also consulted with experts on loss causation and damages issues.

Z. On January 27, 2026, Defendants answered the Second Amended Complaint. ECF No. 160.

AA. Discovery commenced in January 2026. On February 6, 2026, Lead Plaintiffs and Defendants filed a joint Proposed Scheduling Order proposing case deadlines, including

those related to discovery and class certification. ECF No. 162. On February 13, 2026, after holding an Initial Conference, the Court entered the Scheduling Order. ECF No. 164.

BB. In February 2026, Co-Lead Counsel and Defendants' Counsel began discussing the possibility of conducting a second mediation session with the Mediator.

CC. On April 24, 2026, Co-Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of the session, the Parties submitted detailed mediation supplements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues.

DD. On April 29, 2026, the Mediator made a double-blind mediator's proposal to resolve the Action.

EE. On May 4, 2026, the Parties accepted the Mediator's proposal, subject to entering into a formal settlement agreement, and executed the term sheet (the "Term Sheet"). This Stipulation (together with the exhibits hereto and the confidential Supplemental Agreement, as set forth below) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

FF. Lead Plaintiffs, through Co-Lead Counsel, represent that they conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Action. Based upon their investigation, prosecution, and mediation of the case, and taking into consideration the certain monetary benefit the Settlement Class Members will receive from the Settlement, weighed against the significant risks of continued litigation and trial, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Lead Plaintiffs and to the other Settlement

Class Members, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of this Settlement.

GG. Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

HH. Defendants are entering into this Stipulation and Settlement solely to eliminate the uncertainty, burden, and expense of further, protracted litigation. Defendants have taken into account the expense, risks, and uncertainty inherent in any litigation and have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. The Stipulation, whether or not consummated, any proceedings relating to any settlement or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of any Defendant with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been, or could have been, asserted.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any admission or concession by Defendants of any fault, damages, liability, wrongdoing, or lack of merit in any of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released,

resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

**DEFINITIONS**

1. As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a) "Action" means the civil action captioned *In re The Hain Celestial Group Inc. Securities Litigation*, No. 2:16-cv-04581-JS-LGD, pending in the United States District Court for the Eastern District of New York, before the Honorable Joanna Seybert and the Honorable Lee G. Dunst.

(b) "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c) "Authorized Claimant" means a Settlement Class Member who submits a valid Claim Form to the Claims Administrator that is accepted for payment.

(d) "Claimant" means a Person who submits a Claim Form to the Claims Administrator in connection with the Settlement.

(e) "Claims Administrator" means the firm to be retained by Labaton and Glancy, subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process Proof of Claim and Release forms, and to administer the Settlement.

(f) "Class Period" means the period from November 5, 2013 through February 10, 2017, both dates inclusive.

(g) "Comfort Order" means, in the event the Company files for bankruptcy protection, or an involuntary bankruptcy proceeding is commenced against it, before the Settlement Amount (defined below) is funded, the order from the bankruptcy court where the bankruptcy proceeding is pending authorizing Defendants' insurers, to the extent necessary, to use their policy proceeds to fund the Settlement Amount.

(h) "Court" means the United States District Court for the Eastern District of New York.

(i) "Co-Lead Counsel" means Labaton Keller Sucharow LLP, Glancy Prongay Wolke & Rotter LLP, the Law Offices of Howard G. Smith, and The Schall Law Firm.

(j) "Defendants" means Hain Celestial Group, Inc., Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith.

(k) "Defendants' Counsel" means the law firm of DLA Piper LLP (US).

(l) "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶39 below.

(m) "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(n) "Escrow Agent" means Citibank, N.A. (Private Bank).

(o) "Escrow Agreement" means the agreement between Labaton Keller Sucharow LLP, Glancy Prongay Wolke & Rotter LLP, and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(p) "Hain" or the "Company" means The Hain Celestial Group, Inc.

(q) "Fee and Expense Application" means Co-Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any expenses of Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(r) "Final," means, with respect to a court order, including a judgment, of any applicable bankruptcy court or other court of competent jurisdiction: (a) as to which the time to appeal, seek reconsideration, rehearing, or certiorari has expired and no appeal or petition has been timely filed; or (b) if an appeal, reconsideration request, rehearing request, or certiorari petition has been timely filed, the applicable order or judgment has been affirmed by the highest court to which the appeal, reconsideration request, rehearing request, or certiorari petition may be taken or such appeal, request, or petition has otherwise been dismissed with prejudice; and (c) in all cases, no stay of the applicable order or judgment is in effect. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Plan of Allocation of the Net Settlement Fund (defined below), as submitted or subsequently modified; a court's award of attorneys' fees or expenses; or the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(s) "Hain Securities" means the publicly traded common stock of Hain and exchange traded call and put options on such publicly traded common stock.

(t) "Individual Defendants" means Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith.

(u) "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(v) "Lead Plaintiffs" means Rosewood Funeral Home and Salamon Gimpel.

(w) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Co-Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(x) "Mediator" means David Murphy of Phillips ADR Enterprises.

(y) "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(z) "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(aa) "Notice and Administration Expenses" means all costs, fees, and expenses incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with providing notices to the Settlement Class and administering the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration

process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(bb) "Parties" means Lead Plaintiffs, the Individual Defendants, and the Company solely for the purposes of, as set forth herein, exchanging releases, providing certain representations, providing transfer records for purposes of notice, and otherwise cooperating with the other parties to obtain court approval, including the Comfort Order if necessary, and implementing the Settlement. Notwithstanding the foregoing, the Company shall have the following rights as a Defendant under this Stipulation: (i) the right to enforce the releases; (ii) the right to invoke the Judgment or Alternative Judgment in any proceeding; (iii) the right to terminate the Settlement pursuant to ¶¶40-44; and (iv) the right to invoke the protections of the No Admission provisions, and the limitation on the Company's status as a Party shall not be construed to limit or impair any such rights. For the avoidance of doubt, the limitation on the Company's status as a Party is intended solely to limit the Company's affirmative obligations under this Stipulation and shall not be construed to limit, waive, or otherwise affect any release, protection, limitation of liability, enforcement right, termination right, or other benefit available to the Company, any Defendant, or any Released Defendant Party under this Stipulation, the Judgment, or the Alternative Judgment.

(cc) "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, estate, legal representative, trust, trustee, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(dd) "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, Glancy Prongay Wolke & Rotter LLP, the Law Offices of Howard G. Smith, and The Schall Law Firm.

(ee) "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(ff) "Postcard Notice" means the postcard notice of the pendency of the Action, the Settlement, and motion for attorneys' fees and expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 4 to Exhibit A.

(gg) "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(hh) "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 2 to Exhibit A.

(ii) "Related Parties" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, control persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or

investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any immediate family member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest, or assigns of Defendants.

(jj) "Released Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

(kk) "Released Defendant Parties" means Defendants and each and all of their Related Parties and Defendants' Counsel.

(ll) "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(mm) "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or

partnerships, and limited liability companies; and the Spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(nn) "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any forum, that arise out of, are based upon, or relate to in any way both: (1) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the complaints filed in the Action and (2) the purchase or acquisition of Hain Securities during the period from November 5, 2013 through February 10, 2017. For the avoidance of doubt, Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; and (ii) claims in any shareholder derivative action, including *In re The Hain Celestial Group, Inc., Stockholder Class and Derivative Litigation*, Case, 2:17-CV-02351 (E.D.N.Y.).

(oo) "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(pp) "Settlement Amount" means the total principal amount of thirty-five million U.S. dollars ($35,000,000) in cash.

(qq) "Settlement Class" or "Settlement Class Member" means all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Hain, and exchange traded call and put options on such publicly traded common stock during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the Class Period), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Hain during the Class Period, and members of their immediate families; (iv) any firm, trust, corporation, or other entity in which any excluded person or entity has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, or subsidiaries of Hain; (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vii) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

(rr) "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(ss) "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the proposed Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate; and (iii) Co-Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, on behalf of Plaintiffs' Counsel, including an award to Lead Plaintiffs pursuant to the PSLRA, is reasonable and should be approved.

(tt) "Stipulation" means this Stipulation and Agreement of Settlement.

(uu) "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 3 to Exhibit A.

(vv) "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(ww) "Unknown Claims" means (i) any and all Released Plaintiffs' Claims against Released Defendant Parties which Lead Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date, which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to this Settlement; and (ii) any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Lead Plaintiffs and Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those, which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2. The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final;

and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

3. For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1(qq); (ii) the appointment of Lead Plaintiffs as class representatives for the Settlement Class; and (iii) the appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4. By operation of the Judgment or Alternative Judgment, as of the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Released Defendant Parties with respect to all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

5. By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved,

relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

**THE SETTLEMENT CONSIDERATION**

6. In full and complete settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶4-5, above, all of which the Parties agree are good and valuable consideration, Defendants agree to cause the payment of the Settlement Amount, to be funded solely by insurance, into the Escrow Account within thirty (30) calendar days of the later of: (i) the entry of an order preliminarily approving the Settlement; or (ii) receipt by Defendants' Counsel (who will then provide it to the insurance carriers) of complete payment instructions, including a W-9 form for the Settlement Fund and contact information for a person at Co-Lead Counsel who can verify payment instructions and provide any additional information and verification reasonably required by Defendants' insurers ("Payment Instructions"); provided that, if Hain files for bankruptcy or an involuntary bankruptcy proceeding is commenced against Hain before the later of (i) or (ii), the Settlement Amount will not be due until thirty (30) calendar days after entry of the Comfort Order.

7. Defendants (on behalf of themselves and their respective Related Parties) and Lead Plaintiffs expressly agree and acknowledge as follows with respect to the Escrow Account, the Settlement Amount, and the Settlement Fund:

(a) No part of the Settlement Amount will be funded by the Company or the Individual Defendants. The Settlement Amount is being paid entirely by insurance carriers from the proceeds of available insurance, and not by any of the Defendants themselves or from any of their respective assets or property. The Parties acknowledge that the Escrow Account, all funds on deposit there from time to time, and the Settlement Fund, including, but not limited to, the Settlement Amount, are not, and the Parties shall not take any position that such funds are, property of the estate of any Person (including but not limited to any of the Released Defendant Parties) within the meaning of 11 U.S.C. § 541 or any similar provision of any other law, and each of the Defendants (and, to the extent authorized or empowered, on behalf of their respective Related Parties) hereby disclaims, releases, and waives any right (equitable or otherwise) it may have to assert the contrary in any proceeding, in any forum whatsoever.

(b) Once the Settlement Amount is paid, none of the Defendants (or their respective Related Parties) shall have any right, interest, or title in or to, or custody, control, or possession of, the Escrow Account or the Settlement Fund, and each hereby disclaims, releases, and waives any right (equitable or otherwise) it may have to assert the contrary in any proceeding, in any forum whatsoever, and therefore shall not have the ability to pledge, convey, hypothecate, or grant as security, all or any portion of the funds in the Escrow Account or Settlement Fund, subject to the provisions of ¶48.

(c) The Escrow Agent shall be in sole possession, custody, and control of the Escrow Account and Settlement Fund, and all amounts on deposit therein from time to time, solely in its capacity as Escrow Agent, subject to the terms of this Stipulation and the Escrow Agreement, and shall not act as custodian or trustee of or for the benefit of any of the Defendants (or their respective Related Parties) for any purpose, including but not limited to perfecting a security

interest therein. As between the Parties, none of the Defendants or their respective Related Parties shall have any right, title, interest, custody, control, or possession in or to the Escrow Account or Settlement Fund, except for the contingent reversionary rights expressly set forth in ¶48, and no Party shall take any position, or assist any creditor or other Person in taking any position, that the Escrow Account or Settlement Fund is property of, or available to satisfy obligations of, any Defendant or Related Party. No creditor of any of the Defendants (or their respective Related Parties) shall have the right to have or to hold or otherwise attach or seize all or any portion of the Escrow Account or Settlement Fund as collateral for, or in satisfaction of, any obligation, and shall not be able to obtain a security interest in any of the funds in the Escrow Account or Settlement Fund, subject to the provisions of ¶48 and the jurisdiction of the Court.

(d) The insurers, as the funder(s) of the Settlement Amount, will only have a contingent reversionary interest to receive a refund from the Escrow Account and the Settlement Fund if the Settlement does not reach the Effective Date (defined below), as provided for in ¶48.

(e) Upon the payment of the Settlement Amount into the Escrow Account, (a) the Stipulation shall not be, and shall not be deemed or considered to be, executory as that term is described in 11 U.S.C. Sec. 365 or elsewhere defined, and (b) no further obligations of any of the Defendants pursuant to the Stipulation, or any further effort or responsibility to defend against any appeal or proceeding seeking judicial review of any order contemplated by the Stipulation, shall render the Settlement or all or any portion of the Stipulation executory as that term is described in 11 U.S.C. Sec. 365 or elsewhere defined.

8. With the sole exceptions of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶6, and Defendants' obligations pursuant to ¶21, ¶37, and ¶74, Released Defendant Parties shall have no responsibility for, interest

in, or liability whatsoever with respect to: (i) any act, omission, or determination by Co-Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

9. Other than Defendants' obligation to cause the payment of the Settlement Amount pursuant to ¶6, Released Defendant Parties shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10. The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

11. The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶22–35 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in

instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund. After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. Co-Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Co-Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a) For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Co-Lead Counsel or their successors, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without

limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 11.

(b) All Taxes shall be paid out of the Settlement Fund. In all events, Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority. Released Defendant Parties shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c) Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, at the direction of Co-Lead Counsel, out of the Settlement Fund without prior order from the Court or approval by Defendants. Co-Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 11.

12. This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

13. Co-Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiffs pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund. The Fee and Expense Application is not the subject of any agreement between Lead Plaintiffs and Defendants other than what is set forth in this Stipulation.

14. The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and Litigation Expenses awarded by the Court shall be paid from the Settlement Fund to Labaton and Glancy immediately upon entry of an order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment or Alternative Judgment, as ordered by the Court, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof. Labaton and Glancy shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

15. Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶13–14 above shall be subject to Co-Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Judgment approving the Settlement does not become Final, the Comfort Order does not become Final, and/or the Settlement is terminated pursuant to the terms of this Stipulation or

fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Co-Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, notice from a court of appropriate jurisdiction of the disapproval of the Comfort Order by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order. Co-Lead Counsel, as a condition of receiving any such award of attorneys' fees and Litigation Expenses, agree that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph and ¶¶13–14 above.

16. With the sole exception of Defendants' obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶6, Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Co-Lead Counsel in the Action that may occur at any time.

17. Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18. Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund

will be the sole source of payment for any award of attorneys' fees and expenses ordered by the Court.

19. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Co-Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to any Fee and Expense Application in the Action.

**NOTICE AND ADMINISTRATION EXPENSES**

20. Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21. Notwithstanding the fact that the Settlement has not reached the Effective Date, without further approval from Defendants or further order of the Court, Co-Lead Counsel may pay actual and reasonable Notice and Administration Expenses from the Settlement Fund; provided, however, that the aggregate amount of Notice and Administration Expenses paid from the Settlement Fund prior to the Effective Date shall not exceed $500,000 without prior written consent of Defendants' Counsel or further order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval

of Defendants or further order of the Court. Defendants shall be responsible for and shall pay for, at no cost to Co-Lead Counsel or the Settlement Class, timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), and the costs of providing Hain's transfer agent records, pursuant to ¶37, below.

**DISTRIBUTION TO AUTHORIZED CLAIMANTS**

22. Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

23. The Claims Administrator, subject to such supervision and direction of Co-Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. None of the Released Defendant Parties shall have responsibility for (except as stated in ¶¶6, 21 and 37 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to any Person, including, but not limited to, Lead Plaintiffs, any member of the Settlement Class, and Co-Lead Counsel in connection with such administration.

24. The Claims Administrator shall receive claims and determine, *inter alia*, whether the claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

25. Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a

necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Released Defendant Parties shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

26. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

27. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be divided equally between Consumer Federation of America and Council for Economic Education, non-sectarian, not-for-profit organizations serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

**ADMINISTRATION OF THE SETTLEMENT**

28. Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Co-Lead Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

29. Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deem to be *de minimis* or formal or technical defects in any Claim Form submitted. Released Defendant Parties shall have no liability, obligation, or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims. Co-Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

30. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b) All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Co-Lead Counsel in their discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Co-Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c) Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d) Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Co-Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the

reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court. Claimants bear the burden of establishing the sufficiency of their claims.

31. Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

32. Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the

Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

33. All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

34. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in this section (*i.e.*, ¶¶28–35) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions; review, determination, calculation, investment or distribution of the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, processing, review, or payment of any claim; nonperformance of the Claims Administrator; the payment or withholding of Taxes (including interest and penalties) owed by the Net Settlement Fund; or any losses incurred in connection therewith.

35. No Person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

**TERMS OF THE PRELIMINARY APPROVAL ORDER**

36. Lead Plaintiffs shall use best efforts to file this Stipulation and move for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A, within five (5) calendar days of the execution of this Stipulation. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

37. Defendants, to the extent they have not already done so, shall use best efforts to obtain and provide to Co-Lead Counsel or the Claims Administrator, at no cost and within seven (7) business days after entry of the Preliminary Approval Order, to the extent reasonably practicable, and in any event on a rolling basis as promptly as reasonably practicable, records from Hain's transfer agent, in electronic searchable form such as Excel, to the extent they exist, showing the names and addresses (and emails if available) of purchasers of record of Hain's common stock during the Class Period. For the avoidance of doubt, the Claims Administrator shall address notice to beneficial owners through the Court-approved notice program, and Defendants shall not be required to obtain customer-level records from brokers, banks, nominees, custodians, or other record holders not within their possession, custody, or control.

**TERMS OF THE JUDGMENT**

38. If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

**EFFECTIVE DATE OF SETTLEMENT**

39. The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a) entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b) payment of the Settlement Amount into the Escrow Account;

(c) if a bankruptcy proceeding with respect to the Company has been filed prior to the later of (i) the entry of the Preliminary Approval Order or (ii) receipt by Defendants' Counsel for the Payment Instructions, entry of the Comfort Order, which has become Final and non-appealable;

(d) Defendants have not exercised their option to terminate the Settlement pursuant to ¶40 and the Supplemental Agreement (as defined below), and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(e) approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(f) a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

**WAIVER OR TERMINATION**

40. Each of the Defendants and each of the Lead Plaintiffs, through their respective counsel, shall, in each of their separate discretions, have the right to terminate the Settlement and

this Stipulation, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) if the Company has filed for bankruptcy protection or an involuntary bankruptcy proceeding has been commenced against it, a court's Final order denying entry of a Comfort Order; (iii) the Court's Final refusal to approve this Stipulation or any material part thereof; (iv) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; (v) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Second Circuit, or the Supreme Court of the United States; or (vi) the entry of any Final order that materially increases the obligations of Defendants beyond those set forth in this Stipulation. For purposes of clauses (v) and (vi), any obligation imposed by an order or judgment that materially increases the obligations of Defendants beyond those set forth in this Stipulation shall not become effective or enforceable as between the Parties unless and until such order or judgment becomes Final. The Parties shall cooperate in good faith to seek a stay or other appropriate relief from the Court to preserve the status quo pending any such order or judgment becoming Final. Nothing in this paragraph shall limit the Parties' right to seek appellate review, a stay, reconsideration, clarification, or any other relief with respect to any such order or judgment. For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation. For the further avoidance of doubt, Defendants shall deem any decision, ruling, or order that purports to limit the scope of the Released Plaintiffs' Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

41. In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event the Opt-Out Threshold (defined below) has been reached.

42. Simultaneously herewith, Defendants' Counsel and Co-Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold").

(a) The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Opt-Out Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶47–49, which shall continue to apply.

(b) The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the notices, Co-Lead Counsel shall promptly, and in no event later than three (3) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion, or written retraction of a request

for exclusion, and provide copies of such request for exclusion or retraction and any documentation accompanying it by email.

43. In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time periods provided for in ¶6 above, but only if Lead Plaintiffs have first provided written notice of the intent to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

44. If, before the Effective Date, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned under Chapter 5 of Title 11 of the United States Code and is returned by the Escrow Agent (as instructed by Co-Lead Counsel), and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs will seek to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Lead Plaintiffs and the members of the Settlement Class shall be restored to their pre-mediation litigation positions; provided, however, that Lead Plaintiffs shall not seek to vacate or set aside any releases in favor of any such Defendant while the Settlement Amount, or the applicable portion thereof, remains in the Escrow Account, the Settlement Fund, or otherwise in the possession or control of the Escrow Agent, the Claims Administrator, Co-Lead Counsel, or

any other agent acting on behalf of Lead Plaintiffs or the Settlement Class. All releases and the Judgment or Alternative Judgment as to other Released Defendant Parties shall remain unaffected.

(a) In any event, if the Company files for bankruptcy protection, or an involuntary bankruptcy proceeding is commenced against it, before the Settlement Amount is funded, the Company will use reasonable best efforts to promptly secure a Comfort Order from the bankruptcy court authorizing the Defendants' insurers, to the extent necessary, to use their policy proceeds to fund the Settlement Amount.

45. The Parties take the position that the commencement by or against any Defendant of a case or proceeding under Title 11 of the United States Code, any state insolvency or receivership law, or any state law relating to general assignment for the benefit of creditors, composition, marshaling, or other similar arrangements and procedures, shall not operate to stay, terminate, cancel, suspend, excuse, delay, impede, or otherwise interfere with or impair (i) the rights, if any, of any other Party hereto to receive the Escrow Account, Settlement Amount, or Settlement Fund pursuant to this Stipulation, or (ii) the duties of the Escrow Agent under this Stipulation. To the extent necessary, if any automatic stay or similar stay, injunction, or restraint is alleged or claimed to apply by any non-Party by reason of the commencement by or against any Defendant of a bankruptcy, insolvency, receivership, or similar proceeding, the relevant debtor shall, subject to applicable law and any required notice and hearing, consent to and use reasonable best efforts to obtain entry of an order modifying or lifting such stay, injunction, or restraint to the extent necessary to permit the Parties and the Escrow Agent to exercise their rights and perform their obligations under this Stipulation.

46. If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶40–44 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be) will

be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiffs, as applicable.

47. With the exception of the provisions of ¶¶47–49, which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective pre-mediation positions in the Action; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

48. In the event the Settlement is terminated, as provided herein, or fails to become effective for any reason, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes actually paid or due and less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount pursuant to ¶21, above, shall be returned to those who funded the Settlement Amount within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Co-Lead Counsel. Co-Lead Counsel or their designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Defendants.

## NO ADMISSION

49. Except as set forth in ¶50 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, drafts, or agreement relating to the mediation, the Stipulation, the Settlement, the Supplemental Agreement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable in this Action would not have exceeded the Settlement Amount; and

(f) without limiting the generality of the foregoing, all of Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Specifically, Defendants expressly have denied, and continue to deny, among other things, each and all of the claims alleged by Lead Plaintiffs in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied, and continue to

deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damages, or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.

50. Notwithstanding ¶49 above, the Parties, and their respective counsel, and the other Released Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them hereunder or under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

**MISCELLANEOUS PROVISIONS**

51. Nothing contained herein shall bar the Parties from bringing any action or claim to enforce the terms of this Stipulation, the Judgment, or the Alternative Judgment.

52. All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

53. The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties and any other member of the Settlement Class with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was

brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

54. This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest), who would be materially and adversely affected by the modification, amendment, or waiver, by counsel for the Parties hereto.

55. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

56. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation, including any Plan of Allocation and the distribution of the Net Settlement Fund to Authorized Claimants. All Parties submit to the

jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

57. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

58. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement and this Stipulation and its exhibits supersede any prior or contemporaneous written or oral agreements, statements, or understandings between the Parties. All Parties acknowledge that no representation, warranty, or inducement has been made by any Party concerning the Settlement or this Stipulation and its exhibits other than those contained and memorialized in such documents.

59. Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

60. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

61. All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

62. This Stipulation may be executed in one or more counterparts. No party shall be bound unless and until it has been executed and delivered by all Parties. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

63. The Released Parties who do not appear on the signature lines below, including without limitation Defendants' insurers and co-insurers who funded or will fund the Settlement Amount, are acknowledged and agreed to be third-party beneficiaries with respect to the releases in this Stipulation and Settlement.

64. This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date occurs.

65. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

66. The construction, interpretation, operation, effect, and validity of this Stipulation, including the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

67. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

68. All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

69. The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for and seeking preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement. The Parties and their respective counsel also agree to promptly execute all such other documentation as reasonably may be required to obtain preliminary approval, schedule the Settlement Hearing, and obtain Final approval by the Court of the Settlement.

70. The Parties consent to have all proceedings concerning the Settlement heard by Magistrate Judge Lee G. Dunst.

71. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notices shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiffs: | Labaton Keller Sucharow LLP<br>Attn: Christine M. Fox<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>Email: cfox@labaton.com |
| | Glancy Prongay Wolke & Rotter LLP<br>Attn: Leanne Heine Solish<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Email: lsolish@glancylaw.com |
| If to Defendants: | DLA Piper LLP (US)<br>Attn: John Hillebrecht<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 335-4590<br>Email: john.hillebrecht@us.dlapiper.com |

72. If any disputes arise with respect to finalizing the non-monetary terms of the Stipulation prior to joint submission to the Court of the application for preliminary approval of the

Settlement as set forth in ¶36 above, and after good faith attempts at resolution between the Parties, the Parties shall seek in good faith to resolve the disputes by way of expedited telephonic mediation before the mediator David Murphy.

73. Except as otherwise provided herein, each Party shall bear its own costs.

74. To the extent they choose to do so, Defendants shall determine the form of notice to be provided pursuant to CAFA and identify those who will receive the CAFA Notice. Defendants shall be responsible for mailing the CAFA Notice within ten (10) calendar days of the filing of this Stipulation with the Court and for all expenses and costs related thereto.

75. Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Stipulation confidential, unless disclosure is compelled by the Court or required under applicable laws, rules, or regulations, including without limitation any disclosure obligations arising under any bankruptcy or insolvency proceeding. Lead Plaintiffs and Lead Counsel shall not disclose the terms of the Settlement until the Stipulation is publicly filed with the Court. Lead Plaintiffs and Lead Counsel agree to refrain from issuing a press release or other public announcement regarding the Settlement until one of the Defendants makes an announcement or otherwise discloses the Settlement and, if Lead Plaintiffs and Lead Counsel thereafter issue a press release or public announcement regarding the Settlement, they agree to include language to the effect that Defendants deny all of the Settlement Class and Lead Plaintiffs' claims and allegations. In addition, the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault or lack of merit was made by any court or jury.

76. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

77. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties to the Settlement or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 25, 2026.

**LABATON KELLER SUCHAROW LLP**

Christine M. Fox
_______________________

Carol C. Villegas
Christine M. Fox
Emily N. Gault
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Email: cvillegas@labaton.com
cfox@labaton.com
egault@labaton.com

*Counsel for Lead Plaintiff Rosewood Funeral Home and Co-Lead Counsel for the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964

Email: brian@schallfirm.com

*Counsel for Lead Plaintiff Rosewood Funeral Home and Co-Lead Counsel for the Proposed Class*

**GLANCY PRONGAY WOLKE & ROTTER LLP**

/s/ Leanne H. Solish
Robert V. Prongay
Leanne Heine Solish
Melissa C. Wright
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
lsolish@glancylaw.com
mwright@glancylaw.com

*Counsel for Lead Plaintiff Salamon Gimpel and Co-Lead Counsel for the Proposed Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Email: howardsmith@howardsmithlaw.com

*Counsel for Lead Plaintiff Salamon Gimpel and Co-Lead Counsel for the Proposed Class*

**DLA PIPER LLP (US)**

______________________________
John M. Hillebrecht
Lane Earnest McKee
Marc Silverman
Steven M. Rosato
1251 Avenue of the Americas
New York, NY 10020

Email: brian@schallfirm.com

*Counsel for Lead Plaintiff Rosewood Funeral Home and Co-Lead Counsel for the Proposed Class*

**GLANCY PRONGAY WOLKE & ROTTER LLP**

______________________________

Robert V. Prongay
Leanne Heine Solish
Melissa C. Wright
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
lsolish@glancylaw.com
mwright@glancylaw.com

*Counsel for Lead Plaintiff Salamon Gimpel and Co-Lead Counsel for the Proposed Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Email: howardsmith@howardsmithlaw.com

*Counsel for Lead Plaintiff Salamon Gimpel and Co-Lead Counsel for the Proposed Class*

**DLA PIPER LLP (US)**

______________________________

John M. Hillebrecht
Lane Earnest McKee
Marc Silverman
Steven M. Rosato
1251 Avenue of the Americas
New York, NY 10020

Telephone: (212) 335-4500
Email: john.hillebrecht@us.dlapiper.com
lane.mckee@us.dlapiper.com
marc.silverman@us.dlapiper.com
steven.rosato@us.dlapiper.com

*Attorneys for Defendants The Hain Celestial Group, Inc., Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE HAIN CELESTIAL GROUP INC., SECURITIES LITIGATION | Case No. 2:16-cv-04581-JS-LGD<br>Hon. Lee G. Dunst |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A. Lead Plaintiffs Rosewood Funeral Home ("Rosewood") and Salamon Gimpel ("Gimpel," collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class, on the one hand, and The Hain Celestial Group, Inc. ("Hain" or the "Company"), Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith (the "Individual Defendants," and, together with Hain, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement, dated as of June 25, 2026 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action;

B. Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance with the Stipulation, and directing notice of the Settlement to Settlement Class Members, as more fully described herein;

C. The Court has read and considered: (i) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto;

D. The Parties to the Stipulation have consented to the entry of this order; and

E. All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of ___________, 2026 that:**

1. **Preliminary Approval of the Settlement.** The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and will likely be able to certify the Settlement Class, subject to further consideration at the Settlement Hearing described below.

2. **Certification of the Settlement for Purposes of Settlement.** Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Hain, and exchange traded call and put options on such publicly traded common stock (collectively, "Hain Securities"), during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Hain during the Class Period,

and members of their immediate families; (iv) any firm, trust, corporation, or other entity in which any excluded person or entity has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, or subsidiaries of Hain; (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vii) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

3. The Court finds and preliminarily concludes, for purposes of the Settlement only, that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d) Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially

identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are preliminarily certified as Class Representatives for the Settlement Class. The law firms of Labaton Keller Sucharow LLP ("Labaton"), Glancy Prongay Wolke & Rotter LLP ("Glancy"), the Law Offices of Howard G. Smith ("Smith"), and The Schall Law Firm ("Schall") are preliminarily appointed Class Counsel.

5. **Settlement Hearing.** A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the United States District Court, Eastern District of New York, 100 Federal Plaza, Courtroom 830, Central Islip, New York 11722 on ____________, 2026, at __:____ _.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class

Representatives for the Settlement Class; and whether the law firms of Labaton, Glancy, Smith, and Schall should be finally appointed as Class Counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Co-Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement set up by the Claims Administrator, described further in paragraph 10 below.

7. **Approval of Form and Manner of Giving Notice.** The Court approves the form, substance, and requirements of the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice, and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds they: (a) constitute the

best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the rules of this Court.

8. **Retention of Claims Administrator and Notice Date.** The Court approves the retention of Verita Global, LLC ("Claims Administrator") as the Claims Administrator. The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. The Claims Administrator may also email the Postcard Notice (or Notice) or a link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent the Claims Administrator is provided with email addresses. Defendants, to the extent they have not already done so, shall use best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, at no cost to Co-Lead Counsel or the Claims Administrator, within seven (7) business days after entry of this Preliminary Approval Order, records from Hain's transfer agent, to the extent they exist, containing the names, addresses, and emails (to the extent available) of Settlement Class Members in electronic searchable form.

9. **Nominee Procedures.** The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that

purchased or acquired the publicly traded common stock of Hain, and exchange traded call and put options on such publicly traded common stock, during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, provide a list of the names, addresses, and emails (to the extent available) of all such beneficial purchasers to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial purchasers; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, either (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial purchasers, and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial purchasers or (ii) email the Postcard Notice or a link to the Postcard Notice (or Notice) to all such beneficial purchasers. Nominees that elect to mail or email the Postcard Notice or link to their beneficial purchasers SHALL ALSO send a statement to the Claims Administrator confirming that the Postcard Notice or link was sent and shall retain their records for use in connection with any further notices that may be provided in the Action. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial purchasers of up to: \$0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; \$0.03 per Postcard Notice emailed by nominees; or \$0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order

shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10. Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2 respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and the Claim Form can be downloaded. The Claims Administrator shall also mail copies of the Notice and the Claim Form upon request. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

11. **Approval of Summary Notice.** The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. **Claims Process.** In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator: (a) at the address indicated in the Claim Form, postmarked no later than fifteen (15) calendar days before the Settlement Hearing; or (b) electronically through the website for the Settlement no later than fifteen (15) calendar days before the Settlement Hearing. Such deadline may be further extended by the Court or by Co-Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Co-Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b) The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed (including name, address, phone number, and email address (if any)), signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized

statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their eligibility for a recovery from the Settlement.

(c) As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Co-Lead Counsel.

15. **Exclusion from Settlement Class.** Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re The Hain Celestial Group Inc. Securities Litigation*, No. 16-cv-04581 (E.D.N.Y.)"

and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information required in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Hain's publicly traded common stock, and/or exchange traded options purchased or sold during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

17. **Objections to Settlement.** Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses. Any objections must: (a) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*In re The Hain Celestial Group Inc. Securities Litigation*, No. 16-cv-04581 (E.D.N.Y.)"; (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of shares of Hain publicly traded common stock, and/or exchange traded options, purchased, acquired, or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an

award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Christine M. Fox, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; Leanne H. Solish, Glancy Prongay Wolke & Rotter LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067; and Defendants' Counsel: John Hillebrecht, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

18. Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20. Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

21. **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. **Settlement Fund.** No Person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorneys' fees or Litigation Expenses submitted by Co-Lead Counsel or Lead Plaintiffs and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25. **Termination of Settlement.** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective pre-mediation litigation positions in the Action.

26. **Use of this Order.** Neither this Order, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be

construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Action would not have exceeded the Settlement Amount.

27. **Jurisdiction.** The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _______ day of ______________, 2026

BY THE COURT:

______________________________

HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE HAIN CELESTIAL GROUP INC., SECURITIES LITIGATION | Case No. 2:16-cv-04581-JS-LGD<br><br>Hon. Lee G. Dunst |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired the publicly traded common stock of Hain Celestial Group, Inc. ("Hain" or the "Company"), and/or exchange traded call and/or put options on such publicly traded common stock (collectively, "Hain Securities"), during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the "Class Period"), and were allegedly damaged thereby ("Settlement Class"), you may be entitled to a payment from a class action settlement.[1]

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to be eligible for a payment from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.

- If approved by the Court, the proposed Settlement will create a $35,000,000 fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved attorneys' fees, expenses, and Taxes. Assuming that all Settlement Class Members submit a Claim, this is an average recovery of approximately $0.28 per allegedly damaged share of Hain common stock before deductions for Court-awarded attorneys' fees and Litigation Expenses, and $0.18 per allegedly damaged share after deductions for Court-awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Rosewood Funeral Home ("Rosewood") and Salamon Gimpel ("Gimpel," collectively, "Lead Plaintiffs"), that have been asserted on behalf of the Settlement Class (defined below) against defendant Hain and defendants Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith (the "Individual Defendants," and, together with Hain, "Defendants"). The Settlement avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from the Released Plaintiffs' Claims (defined below).

**If you are a member of the Settlement Class, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated June ___, 2026 (the "Stipulation"), which can be viewed at www.__________.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _______, 2026** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS NO LATER THAN _____, 2026** | Get no payment. This is the only option that, assuming your lawsuit is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |
| **OBJECT NO LATER THAN _______, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Co-Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON ______________, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN _______, 2026** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.
- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS


PSLRA Summary of the Notice Page __
Why did I get the Postcard Notice or this Notice? Page __
How do I know if I am part of the Settlement Class? Page __
Are there exceptions to being included? Page __
Why is this a class action? Page __
What is this case about and what has happened so far? Page __
What are the reasons for the Settlement? Page __
What does the Settlement provide? Page __
How can I receive a payment? Page __
What am I giving up to receive a payment and by staying in the Settlement Class? Page __
How do I exclude myself from the Settlement Class? Page __
If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? Page __
Do I have a lawyer in this case? Page __

How will the lawyers be paid? Page __
How do I tell the Court that I do not like something about the proposed Settlement? Page __
What is the difference between objecting and seeking exclusion? Page __
When and where will the Court decide whether to approve the Settlement? Page __
Do I have to come to the Settlement Hearing? Page __
May I speak at the Settlement Hearing? Page __
What happens if I do nothing at all? Page __
Are there more details about the Settlement? Page __
How will my claim be calculated? Page __
Special notice to securities brokers and nominees Page __

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1. Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $35,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Hain common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.28 per allegedly damaged share of Hain common stock. If the Court approves Co-Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.18 per allegedly damaged share of Hain common stock. **These average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimates.** An individual Settlement Class Member's actual recovery will depend on several factors, as explained in the proposed Plan of Allocation beginning on page __. Please refer to the Plan of Allocation for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2. The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim. The issues that the Parties disagree about include, for example: (i) whether Defendants made materially false and/or misleading misstatements that were actionable under the federal securities laws; (ii) whether such misstatements were made with the requisite level of intent; (iii) the amount by which the price of Hain common stock and call options was allegedly artificially inflated (or deflated in the case of put options), if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of Hain common stock and options during the Class Period.

3. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4. Co-Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for attorneys' fees from the Settlement Fund of no more than 33.3% of the Settlement Fund (*i.e.*, $11,655,000, plus accrued interest). Co-Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $950,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.10 per allegedly damaged share of Hain common stock. A

copy of the Fee and Expense Application will be posted on www.____________.com (the "Settlement Website") after it has been filed with the Court.

**Reasons for the Settlement**

5. For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to, among other factors, the uncertainty of being able to prove the allegations in the complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7. Lead Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Christine M. Fox, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com, www.labaton.com; Leanne Heine Solish, Esq., Glancy Prongay Wolke & Rotter LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com, www.glancylaw.com; Howard G. Smith, Esq., Law Offices of Howard G. Smith, 3070 Bristol Pike, Suite 112, Bensalem, PA 19020; and Brian Schall, Esq., The Schall Law Firm, 2049 Century Park East, Suite 2460, Los Angeles, CA 90067.

8. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Hain Celestial Securities Settlement*, c/o Verita Global, LLC, P.O. Box _______, __________, (___) ___, www._______com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

## BASIC INFORMATION

**1. Why did I get the Postcard Notice or this Notice?**

9. You may have received a Postcard Notice about the proposed Settlement. This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice or Notice be sent to you because you or someone in your family may have purchased or otherwise acquired Hain publicly traded common stock and/or call options on such stock, and/or sold Hain put options on such stock, during the Class Period. **Receipt of the Postcard Notice or this Notice does not mean that you are a member of the Settlement Class or that you will be entitled to receive a payment. The Parties to the Action do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www.____.com. *See* Question 8 below.**

10. The Court directed that the Postcard Notice or Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11. The Court in charge of the Action is the United States District Court for the Eastern District of New York, and the case is known as *In re The Hain Celestial Group Inc. Securities Litigation*, No. 2:16-cv-04581 (E.D.N.Y.). The case is assigned to Magistrate Judge Lee G. Dunst.

**2. How do I know if I am part of the Settlement Class?**

12. The Court directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

**All persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Hain, and/or exchange traded call and/or put options on such publicly traded common stock during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the Class Period), and were allegedly damaged thereby.**

13. If one of your mutual funds purchased Hain publicly traded common stock or call options, or sold Hain put options during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased or otherwise acquired Hain publicly traded common stock or call options, or sold Hain put options, during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions. The Parties to the Action do not independently have access to your trading information.

### 3. Are there exceptions to being included?

14. Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Hain during the Class Period, and members of their immediate families; (iv) any firm, trust, corporation, or other entity in which any excluded person or entity has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, or subsidiaries of Hain; (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vii) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (viii) any persons or entities who timely and validly seek exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

**4. Why is this a class action?**

15. In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." A class action allows one court to resolve many similar claims in a single case that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this Action, the Court has appointed Rosewood and Gimpel to serve as Lead Plaintiffs and has appointed Labaton Keller Sucharow LLP ("Labaton"), Glancy Prongay Wolke & Rotter LLP ("Glancy"), Law Offices of Howard G. Smith ("Smith), and The Schall Law Firm ("Schall") to serve as Co-Lead Counsel.

**5. What is this case about and what has happened so far?**

16. Hain is a health-focused marketer, manufacturer, and seller of organic and natural food and personal care products. The Company's customer base consists principally of specialty and natural food distributors, supermarkets, natural food stores, retailers, and convenience stores. Lead Plaintiffs allege that Defendants engaged in a scheme to pull the Company's sales revenue forward and make the Company's business appear stronger than it actually was, allegedly artificially inflating the price of Hain's common stock and call options (or deflating the price of its put options). The operative complaint alleges that, during the Class Period, Defendants misrepresented or failed to disclose that they offered Hain's largest U.S. distributors significant concessions to purchase substantial quantities of product in advance of the distributors' typical purchasing patterns. These alleged pull-forward or channel stuffing practices were not disclosed to investors as the reason behind the Company's robust sales. The complaint also alleges Defendants improperly and prematurely recognized revenue on these undisclosed sales concessions, in violation of Generally Accepted Accounting Principles ("GAAP"), which

allegedly artificially inflated Hain's reported financial results for FY 2014 and FY 2015, and the first three quarters of FY 2016. Lead Plaintiffs allege that the truth about Hain's financial reporting came to light through a series of allegedly corrective disclosures on January 21, 2016, August 15, 2016, and February 10, 2017, causing Hain Securities' prices to decline (or rise in the case of put options).

17. On June 5, 2017, the Honorable Arthur D. Spatt issued an order that, among other things, appointed Rosewood and Gimpel as Co-Lead Plaintiffs, and approved their selection of Co-Lead Counsel. On September 7, 2017, Lead Plaintiffs filed a Corrected Consolidated Class Action Complaint for Violations of Federal Securities Laws asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.

18. On October 3, 2017, Defendants filed a motion to dismiss the complaint. Lead Plaintiffs opposed the motion to dismiss on December 1, 2017. On March 29, 2019, the Court issued a Decision and Order granting Defendants' motion to dismiss with leave to amend.

19. On May 6, 2019, Lead Plaintiffs filed the Second Amended Complaint. On June 20, 2019, Defendants filed their motions to dismiss the Complaint (the "Second Motions to Dismiss"). Lead Plaintiffs opposed the Second Motions to Dismiss on August 5, 2019. On April 6, 2020, the Court issued a Decision and Order that granted Defendants' Second Motions to Dismiss and dismissed the Second Amended Complaint with prejudice.

20. On May 5, 2020, Lead Plaintiffs filed a notice of appeal, and on August 18, 2020, Lead Plaintiffs filed their opening brief with the Second Circuit Court of Appeals. Defendants filed their responsive brief on November 17, 2020, and Lead Plaintiffs filed their reply brief on December 8, 2020. On December 17, 2021, after oral argument, the Second Circuit issued an

Opinion and Order vacating the judgment of the District Court and remanding the case for further consideration of Lead Plaintiffs' scienter allegations in the Second Amended Complaint.

21. On April 14, 2022, the Court ordered further briefing on the Second Motions to Dismiss. On June 14, 2022, Judge Seybert referred Defendants' Second Motions to Dismiss to Magistrate Judge Lee G. Dunst for a report and recommendation.

22. On October 13, 2022, Co-Lead Counsel and Defendants' Counsel, among others, participated in an in-person mediation session before David Murphy of Phillips ADR Enterprises (the "Mediator"), a well-respected and experienced mediator. In advance of the session, the Parties submitted mediation statements to the Mediator. The session ended without any settlement being reached.

23. On November 4, 2022, Magistrate Dunst issued a Report & Recommendation granting Defendants' Second Motions to Dismiss ("R&R"). On September 29, 2023, Judge Seybert issued an order adopting Magistrate Judge Dunst's R&R as to scienter, and granting Defendants' Second Motions to Dismiss.

24. On October 26, 2023, Lead Plaintiffs filed a second notice of appeal, and on February 12, 2024, Lead Plaintiffs filed their opening brief. On May 13, 2024, Defendants filed their responsive brief, and on June 3, 2024, Lead Plaintiffs filed their reply brief. On September 29, 2025, after oral argument, the Second Circuit issued an Opinion and Order vacating the judgment of the District Court, finding that falsity, scienter, and loss causation had been adequately pled, and remanding the case for discovery and further proceedings. Defendants' motion for rehearing *en banc* and panel rehearing was subsequently denied, and the mandate issued on December 23, 2025.

25. Prior to the start of discovery in the Action, Lead Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying

events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Individual Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Co-Lead Counsel contacted 82 former Hain employees and other persons with relevant knowledge. Co-Lead Counsel interviewed 27 of these individuals (eight of whom provided information used in the Second Amended Complaint and were designated as confidential witnesses or "CWs"). Co-Lead Counsel also consulted with experts on loss causation and damages issues.

26. On January 27, 2026, Defendants answered the Second Amended Complaint. Discovery commenced in January 2026. On February 6, 2026, Lead Plaintiffs and Defendants filed a joint Proposed Scheduling Order proposing case deadlines, including those related to discovery and class certification. On February 13, 2026, after holding an Initial Conference, the Court entered the Scheduling Order.

27. In February 2026, Co-Lead Counsel and Defendants' Counsel began discussing the possibility of conducting a second mediation session with the Mediator. On April 24, 2026, Co-Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of the session, the Parties submitted detailed mediation supplements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues.

28. On April 29, 2026, the Mediator made a mediator's proposal to resolve the Action. On May 4, 2026, the Parties accepted the Mediator's proposal. The Parties memorialized their

agreement in a Term Sheet that was executed on May 4, 2026, subject to the execution of a formal settlement agreement, related papers, and approval by the Court. On _______ __, 2026, the Parties executed the Stipulation.

**6. What are the reasons for the Settlement?**

29. The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Lead Plaintiffs and Co-Lead Counsel are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action. As the litigation proceeded, they were able to better evaluate the strengths and weaknesses of the allegations and chances of success in the Action. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.

30. Defendants have denied and continue to deny each and every claim alleged by Lead Plaintiffs in the Action, including all claims in the Second Amended Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny that any member of the Settlement Class has suffered damages or that the prices of Hain Securities were artificially inflated (or deflated) by reason of the alleged misrepresentations, omissions, or otherwise. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

31. In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $35,000,000 payment to be made using insurance proceeds, which, along with any interest earned, and after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), will be distributed to Settlement Class Members who submit valid and timely Claim Forms that are found to be eligible to receive a distribution from the Net Settlement Fund.

### 8. How can I receive a payment?

32. To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. You may obtain one from the Settlement Website: www.___________.com, or from Labaton's website: www.labaton.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at _________.

33. Please read the instructions contained in the Claim Form carefully, fill out the form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than ______________________, 2026. Alternatively, you may submit a Claim Form and supporting documentation on the Settlement Website, www.____________.com.**

### 9. What am I giving up to receive a payment and by staying in the Settlement Class?

34. If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the Effective Date of the Settlement, you will release all Released Plaintiffs' Claims against

the Released Defendant Parties. All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a) **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any forum, that arise out of, are based upon, or relate to in any way both: (1) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the complaints filed in the Action and (2) the purchase or acquisition of Hain Securities during the period from November 5, 2013 through February 10, 2017. For the avoidance of doubt, Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; and (ii) claims in any shareholder derivative action, including *In re The Hain Celestial Group, Inc., Stockholder Class and Derivative Litigation*, Case, 2:17-CV-02351 (E.D.N.Y.).

(b) **"Released Defendant Parties"** means Defendants and each and all of their Related Parties and Defendants' Counsel.

(c) "**Related Parties**" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, control persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers,

personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any immediate family member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest, or assigns of Defendants.

(d) "**Unknown Claims**" means (i) any and all Released Plaintiffs' Claims against Released Defendant Parties which Lead Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date, which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to this Settlement; and (ii) any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Lead Plaintiffs and Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those, which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

35. The "**Effective Date**" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal, and the Settlement Amount has been paid.

36. Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiffs, the Settlement Class, and Co-Lead Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

37. If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because it is barred by the relevant statutes of limitations and/or repose.** Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

### 10. How do I exclude myself from the Settlement Class?

38. To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re The Hain Celestial Group Inc. Sec. Litig.*, No. 16-cv-04581 (E.D.N.Y.)." You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, email address (if any), and telephone number of the Person seeking exclusion; (ii) state the date(s), price(s), and number(s) of shares or contracts for each purchase/acquisitions and sale (if any) of any Hain Securities (publicly traded common stock, and/or exchange traded put and/or call options) during the Class Period; and (iii) be signed by the Person requesting exclusion. A request for exclusion must be mailed so that it is **received no later than _________, 2026** at:

*Hain Celestial Securities Settlement*
c/o Verita Global, LLC
EXCLUSIONS
P.O. Box _______
CITY, STATE, ZIP

39. Your exclusion request must comply with these requirements in order to be valid.

40. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**11. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

41. No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _______________, 2026.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

42. Labaton, Glancy, Smith, and Schall are Co-Lead Counsel in the Action and represent all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid?**

43. Plaintiffs' Counsel have been prosecuting the Action for over nine (9) years on a fully contingent basis. This means that they have not been paid for any of their work, or reimbursed for any of the costs and expenses they have incurred. Co-Lead Counsel will seek, on behalf of all Plaintiffs' Counsel, an attorneys' fee award of no more than 33.3% of the Settlement Fund, or $11,655,000, plus accrued interest. Co-Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $950,000, plus accrued interest, which may include an application by Lead Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Settlement Class, pursuant to the PSLRA.

44. The Fee and Expense Application will be made collectively on behalf of Labaton, Glancy, Smith, and Schall. Any attorneys' fees awarded by the Court will be divided between Labaton (75% of awarded fees) and Glancy (25% of awarded fees). Schall will share up to 4.65% of the attorneys' fee allocated to Labaton, pursuant to a fee sharing agreement between them. GPM intends to share a portion of its attorneys' fees with Smith based upon Smith's contributions to the case. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

45. Any Settlement Class Member who or which does not request exclusion may object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or the Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would

like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

46. Objections must be in writing. To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re The Hain Celestial Group Inc. Sec. Litig.*, No. 16-cv-04581 (E.D.N.Y.)." The objection must also: (i) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Hain publicly traded common stock, put options and call options purchased/acquired and sold (if any) during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application. Your objection must be filed with the Court **no later than _______________, 2026** **and** be mailed or delivered to the following counsel so that it is **received no later than __________________, 2026:**

| <u>**Court**</u> | <u>**Co-Lead Counsel Representatives**</u> | <u>**Defendants' Counsel**</u> |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Eastern District of New York<br>100 Federal Plaza<br>Central Islip, NY 11722 | **Labaton Keller Sucharow LLP**<br>Christine M. Fox, Esq.<br>140 Broadway<br>New York, NY 10005<br><br>**-and-**<br><br>**Glancy Prongay Wolke & Rotter LLP**<br>Leanne Heine Solish, Esq.<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067 | **DLA Piper LLP (US)**<br>John Hillebrecht, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020 |

47. You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing. If you decide to hire an attorney, that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses in ¶46 above so that the notice is ***received*** **on or _____________, 2026**.

**15. What is the difference between objecting and seeking exclusion?**

48. Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or the Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16. When and where will the Court decide whether to approve the Settlement?**

49. The Court will hold the Settlement Hearing on **___________, 2026 at ____ _.m. (ET)**, either remotely or in person, in Courtroom 830 of the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.

50. At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the proposed Plan of Allocation is fair and reasonable, and should be approved; and (iii) if Co-Lead Counsel's Fee and Expense Application should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

51. The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement Website at www.___________.com to see if the Settlement Hearing stays as scheduled or is changed.

**17. Do I have to come to the Settlement Hearing?**

52. No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it, and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below so that the notice is ***received*** **on or before _________, 2026.**

**18. May I speak at the Settlement Hearing?**

53. You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than __________ __, 2026,** submit a statement that you, or your attorney, intend to appear in "*In re The Hain Celestial Group Inc. Sec. Litig.*, No. 16-cv-04581 (E.D.N.Y.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19. What happens if I do nothing at all?**

54. If you do nothing and you are a member of the Settlement Class, you will not receive any money from this Settlement, and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20. Are there more details about the Settlement?**

55. This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website for the Settlement, www._________.com, or Labaton's website, www.labaton.com. You may also call the Claims Administrator toll free at ________ or write to the Claims Administrator at *Hain Celestial Securities Settlement,* c/o Verita Global, LLC, P.O. Box __________, _____________, info@__________.com.

56. You may also review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the Court, United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722. (Please check the Court's website, www.nyed.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21. How will my claim be calculated?**

57. The Plan of Allocation below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website www._____________.com.

58. As noted above, the Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court) ("Authorized Claimants").

59. The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities law with respect to Hain Securities traded during the Class Period (November 5, 2013 through February 10, 2017). The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will calculate Claimants' claims and shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim, as defined below.

60. To design this Plan of Allocation, Co-Lead Counsel conferred with Lead Plaintiffs' consulting damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover as damages after a trial. Nor are the calculations, including the Recognized Loss formulas, intended to estimate the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund, and the Recognized Claim amounts are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

61. Claims asserted in the Action pursuant to Section 10(b) of the Exchange Act serve as the basis for calculating the Recognized Loss Amounts under the Plan of Allocation. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of Hain common stock and exchange traded call options, while artificially deflating the price of exchange traded put options. It is alleged that corrective information released to the market after market close on January 21, 2016, August 15, 2016, and February 10, 2017, negatively impacted the market price of Hain Securities on January 22, 2016, August 16, 2016, and on February 13, 2017[2] in a statistically significant manner and removed alleged artificial inflation (or deflation) from the price of Hain Securities on those days. Accordingly, in order to have a compensable loss in this Settlement, a Settlement Class Member must have (i) held eligible shares of Hain common stock or call options through at least one of the alleged corrective disclosure dates listed above, or (ii) with respect to eligible put options, such option(s) must have remained open through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

62. A "Recognized Loss Amount" will be calculated by the Claims Administrator, as set forth below, for each purchase/acquisition of Hain common stock and exchange traded call options and each sale (writing) of exchange traded put options during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain),

[2] February 13, 2017 is the market date for when the allegedly corrective information was revealed, because February 11, 2017 is not a trading date.

that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be their "Recognized Claim." An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

63. If a Settlement Class Member has more than one purchase/acquisition or sale of Hain common stock or exchange traded options during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. With respect to Hain common stock and call options, Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Hain put options, Class Period purchases will be matched first to close-out positions open at the beginning of the Class Period, and then against put options sold (written) during the Class Period in chronological order.

64. Any transactions in Hain common stock and options executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Common Stock Calculations**

65. For each Hain common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on May 12, 2017, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent

that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

66. **For each share of Hain common stock purchased from November 5, 2013 through and including February 10, 2017, and:**

A. Sold before January 22, 2016, the Recognized Loss Amount for each share shall be zero.

B. Sold from January 22, 2016 through February 10, 2017, the Recognized Loss Amount for each such share shall be ***the lesser of***:

1. the dollar artificial inflation applicable to each share on the date of purchase/acquisition as set forth in **Table 1**[3] below *minus* the dollar artificial inflation applicable to each share on the date of sale as set forth in **Table 1** below; or

2. the Out of Pocket Loss.

C. Sold from February 11, 2017 through May 12, 2017, the Recognized Loss Amount for each such share shall be ***the least of***:

1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2. the actual purchase/acquisition price of each share *minus* the average closing price from February 11, 2017,[4] up to the date of sale as set forth in **Table 2** below; or

3. the Out of Pocket Loss.

D. Held as of the close of trading on May 12, 2017, the Recognized Loss Amount for each share shall be ***the lesser of***:

1. the dollar artificial inflation applicable to each share on the date of purchase/acquisition as set forth in **Table 1** below; or

2. the actual purchase/acquisition price of each share *minus* $36.41.[5]

---

[3] **Tables 2** to **4** appear at the end of this Notice.

[4] Because the final corrective disclosure occurred after market close on Friday, February 10, 2017, the pricing data for the 90-day lookback does not begin until the following trading date, Monday, February 13, 2017.

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information

**TABLE 1**

**Hain Common Stock**
**Alleged Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| November 5, 2013 - January 21, 2016 | $18.87 |
| January 22, 2016 - August 15, 2016 | $17.20 |
| August 16, 2016 - February 10, 2017 | $3.57 |

**Call and Put Options Calculations**

67. Publicly traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Hain common stock. Throughout this Plan of Allocation, all price quotations of publicly traded options are per share of the underlying security (*i.e.,* 1/100 of a contract).

68. Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series." Under the Plan of Allocation, the dollar artificial inflation per share (*i.e.,* 1/100 of a contract) for each series of Hain call options and the dollar artificial deflation per share (*i.e.,* 1/100 of a contract) for each series of Hain put options has been calculated by Lead Plaintiffs' damages expert.

69. Transactions in Hain options that expired before January 22, 2016 have a Recognized Loss Amount of zero under the Plan of Allocation.

---

correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Hain common stock during the "90-day look-back period," February 11, 2017 through May 12, 2017 (officially beginning on the first market date, February 13, 2017). The mean (average) closing price for Hain common stock during this 90-day look-back period was $36.41.

70. **Table 3** sets forth the dollar artificial inflation per share in Hain call options during the Class Period. **Table 4** sets forth the dollar artificial deflation per share in Hain put options during the Class Period. **Tables 3** and **4** list only series of Hain options that expired on or after January 22, 2016—the date of the first alleged corrective disclosure.

71. For each Hain call option purchased or otherwise acquired during the Class Period and closed (through sale, exercise, or expiration) on or after January 22, 2016 and before February 11, 2017, and for each Hain put option sold (written) during the Class Period and closed (through purchase, exercise, or expiration) on or after January 22, 2016 and before February 11, 2017, an "Out of Pocket Loss" will be calculated. For Hain call options closed through sale, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). For Hain call options closed through exercise or expiration, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the value per option on the date of exercise or expiration.[6] For Hain put options closed through purchase, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). For Hain put options closed through exercise or expiration, the Out of Pocket Loss is the value per option on the date of exercise or expiration minus the sale price (excluding all fees, taxes, and commissions).[7] To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

[6] The "value" of the call option on the date of exercise or expiration shall be the closing price of Hain common stock on the date of exercise or expiration minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

[7] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Hain common stock on the date of exercise or expiration. If this number is less than zero, the value of the put option is zero.

72. **For each Hain publicly traded call option purchased or acquired from November 5, 2013 through and including February 10, 2017 and:**

A. Closed (through sale, exercise, or expiration) prior to January 22, 2016, the Recognized Loss Amount for each such share shall be zero.

B. Closed (through sale, exercise, or expiration) on or after January 22, 2016 and prior to February 11, 2017, the Recognized Loss Amount for each such share shall be the lesser of:

1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 3** below minus the dollar artificial inflation applicable to each such share on the date of close as set forth in **Table 3** below; or

2. the Out of Pocket Loss.

C. Open as of February 11, 2017, the Recognized Loss Amount for each such share shall be the lesser of:

1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 3** below; or

2. the actual purchase/acquisition price of each such share minus the closing price on February 13, 2017[8] (*i.e.*, the "Holding Price") as set forth in **Table 3** below.

73. **For each Hain publicly traded call option purchased or acquired on February 11, 2017, the Recognized Loss Amount for each such share shall be zero.**

74. **For each Hain publicly traded put option sold (written) from November 5, 2013 through and including February 10, 2017 and:**

A. Closed (through purchase, exercise, or expiration) prior to January 22, 2016, the Recognized Loss Amount for each such share shall be zero.

B. Closed (through purchase, exercise, or expiration) on or after January 22, 2016 and prior to February 11, 2017, the Recognized Loss Amount for each such share shall be the lesser of:

1. the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 4** below minus the dollar artificial deflation applicable to each such share on the date of close as set forth in **Table 4** below; or

[8] February 13, 2017 is used in place of February 11, 2017, because February 11, 2017 is not a trading date.

2. the Out of Pocket Loss.

C. Open as of February 11, 2017, the Recognized Loss Amount for each such share shall be the lesser of:

1. the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 4** below; or

2. the closing price on February 13, 2017[9] (*i.e.*, the "Holding Price") as set forth in **Table 4** below minus the sale (writing) price.

75. **For each Hain publicly traded put option sold (written) on February 11, 2017, the Recognized Loss Amount for each such share shall be zero.**

**ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION**

76. Hain publicly traded common stock, exchange traded call options on Hain common stock, and exchange traded put options on Hain common stock, are the only securities eligible for a recovery from the Settlement. With respect to Hain common stock purchased or sold through the exercise of an option, the purchase/sale date of the Hain common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

77. "Purchase/Sale" Prices: For the purposes of calculations under this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual price sold at, not deducting any fees, taxes, and commissions. "Purchase/Sale" Dates: Purchases, acquisitions, and sales of Hain common stock and Hain exchange traded call and put options will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.

78. The receipt or grant by gift, inheritance, or operation of law of Hain Securities during the Class Period will not be deemed a purchase, acquisition, or sale of such Hain Securities for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an

[9] February 13, 2017 is used in place of February 11, 2017, because February 11, 2017 is not a trading date.

assignment of any claim relating to the purchase/acquisition/sale of Hain Securities, unless: (i) the donor or decedent purchased/acquired/sold such Hain Securities during the Class Period; (ii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Hain Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

79. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale " is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. If a Claimant has an opening short position in Hain common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that covers such short sales will not be entitled to recovery. If a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

80. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

81. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

82. Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the final Judgment of the Court dismissing this Action and related claims.

83. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance, in an equitable and economic fashion, among Authorized Claimants who have cashed their checks. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute. Any balance that still remains in the Net Settlement Fund after such re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be divided equally between Consumer Federation of America and Council for Economic Education, non-sectarian, not-for-profit organizations serving the public interest, or such other non-sectarian, not-for-profit organization approved by the Court.

84. Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants. No Person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, their damages expert, the Claims Administrator, or other agent

designated by Co-Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, Defendants' Counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

85. Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of New York with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

86. If you purchased or otherwise acquired Hain publicly traded common stock and/or exchange traded call options and/or sold Hain exchange traded put options during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that you **MUST EITHER**: (a) **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE OR THIS NOTICE**, provide a list of the names, addresses, and emails (to the extent available) of all such beneficial purchasers to the Claims Administrator and the Claims Administrator will promptly send a Postcard Notice to such identified beneficial purchasers; or (b) **WITHIN TEN (10) CALENDAR DAYS** of receipt of notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial purchasers, and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, mail them to all such beneficial purchasers, or (ii) email the Postcard Notice or a link to the Postcard Notice (or Notice) to all such beneficial purchasers. Nominees who elect to mail the Postcard Notice, or email the Postcard Notice or links, to their

beneficial purchasers **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice or link was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.

87. Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial purchasers of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Hain Celestial Securities Settlement*
c/o Verita Global, LLC
P.O. Box _____
CITY, STATE, ZIP
(  ) ____________
info@_________.com

Dated: _______, 2026

BY ORDER OF THE U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**TABLE 2**

**Hain Common Stock Closing Price and Average Closing Price February 13, 2017 – May 12, 2017**

| Date | Closing Price | Average Closing Price From February 13, 2017 to Date Shown | Date | Closing Price | Average Closing Price From February 13, 2017 to Date Shown |
|---|---|---|---|---|---|
| 2/13/2017 | $35.10 | $35.10 | 3/30/2017 | $37.14 | $35.88 |
| 2/14/2017 | $35.16 | $35.13 | 3/31/2017 | $37.20 | $35.92 |
| 2/15/2017 | $34.96 | $35.07 | 4/3/2017 | $37.14 | $35.95 |
| 2/16/2017 | $34.46 | $34.92 | 4/4/2017 | $37.19 | $35.99 |
| 2/17/2017 | $34.95 | $34.93 | 4/5/2017 | $37.11 | $36.02 |
| 2/21/2017 | $35.25 | $34.98 | 4/6/2017 | $37.17 | $36.05 |
| 2/22/2017 | $34.98 | $34.98 | 4/7/2017 | $36.76 | $36.07 |
| 2/23/2017 | $34.84 | $34.96 | 4/10/2017 | $37.04 | $36.09 |
| 2/24/2017 | $34.61 | $34.92 | 4/11/2017 | $36.80 | $36.11 |
| 2/27/2017 | $34.88 | $34.92 | 4/12/2017 | $36.59 | $36.12 |
| 2/28/2017 | $35.38 | $34.96 | 4/13/2017 | $36.60 | $36.13 |
| 3/1/2017 | $35.59 | $35.01 | 4/17/2017 | $37.00 | $36.15 |
| 3/2/2017 | $35.28 | $35.03 | 4/18/2017 | $37.38 | $36.18 |
| 3/3/2017 | $35.36 | $35.06 | 4/19/2017 | $37.82 | $36.21 |
| 3/6/2017 | $35.49 | $35.09 | 4/20/2017 | $37.76 | $36.25 |
| 3/7/2017 | $35.11 | $35.09 | 4/21/2017 | $37.64 | $36.28 |
| 3/8/2017 | $35.09 | $35.09 | 4/24/2017 | $37.58 | $36.30 |
| 3/9/2017 | $34.94 | $35.08 | 4/25/2017 | $37.73 | $36.33 |
| 3/10/2017 | $35.73 | $35.11 | 4/26/2017 | $37.67 | $36.36 |
| 3/13/2017 | $35.44 | $35.13 | 4/27/2017 | $37.67 | $36.38 |
| 3/14/2017 | $35.61 | $35.15 | 4/28/2017 | $36.99 | $36.39 |
| 3/15/2017 | $37.00 | $35.24 | 5/1/2017 | $36.64 | $36.40 |
| 3/16/2017 | $37.18 | $35.32 | 5/2/2017 | $35.96 | $36.39 |
| 3/17/2017 | $37.36 | $35.41 | 5/3/2017 | $36.27 | $36.39 |
| 3/20/2017 | $37.20 | $35.48 | 5/4/2017 | $36.85 | $36.40 |
| 3/21/2017 | $36.87 | $35.53 | 5/5/2017 | $37.06 | $36.41 |
| 3/22/2017 | $36.87 | $35.58 | 5/8/2017 | $36.53 | $36.41 |
| 3/23/2017 | $37.15 | $35.64 | 5/9/2017 | $36.00 | $36.40 |
| 3/24/2017 | $37.00 | $35.68 | 5/10/2017 | $35.80 | $36.39 |
| 3/27/2017 | $37.15 | $35.73 | 5/11/2017 | $35.88 | $36.39 |
| 3/28/2017 | $37.38 | $35.79 | 5/12/2017 | $38.13 | $36.41 |
| 3/29/2017 | $37.57 | $35.84 | | | |

**TABLE 3**

**Hain Call Options**
**Alleged Artificial Inflation Per Share During Trading Periods**

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 2/19/2016 | $34.00 | $0.85 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $35.00 | $0.68 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $36.00 | $0.60 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $37.00 | $0.48 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $38.00 | $0.40 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $39.00 | $0.33 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $40.00 | $0.25 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $41.00 | $0.18 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $42.00 | $0.13 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $43.00 | $0.10 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $44.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $45.00 | $0.03 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $46.00 | $0.10 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $50.00 | $0.03 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $60.00 | $0.05 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $70.00 | $0.03 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $75.00 | $0.13 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $85.00 | $0.03 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $95.00 | $0.03 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $35.00 | $0.65 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $36.00 | $0.63 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $37.00 | $0.55 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $38.00 | $0.48 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $39.00 | $0.40 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $40.00 | $0.33 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $41.00 | $0.30 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $42.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $43.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $44.00 | $0.18 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $45.00 | $0.10 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $30.00 | $1.15 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $33.00 | $0.95 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $34.00 | $0.90 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $35.00 | $0.80 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $36.00 | $0.70 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $37.00 | $0.75 | $0.00 | $0.00 | $0.00 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 5/20/2016 | $38.00 | $0.73 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $39.00 | $0.60 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $40.00 | $0.45 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $41.00 | $0.50 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $42.00 | $0.48 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $43.00 | $0.38 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $44.00 | $0.35 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $45.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $46.00 | $0.30 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $50.00 | $0.10 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $60.00 | $0.03 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $65.00 | $0.03 | $0.00 | $0.00 | $0.00 |
| 8/19/2016 | $20.00 | $15.12 | $13.92 | $0.00 | $0.00 |
| 8/19/2016 | $25.00 | $15.85 | $14.55 | $0.00 | $0.00 |
| 8/19/2016 | $30.00 | $15.27 | $13.72 | $0.00 | $0.00 |
| 8/19/2016 | $31.00 | $15.71 | $14.11 | $0.00 | $0.00 |
| 8/19/2016 | $33.00 | $15.11 | $14.06 | $0.00 | $0.00 |
| 8/19/2016 | $34.00 | $14.92 | $13.82 | $0.00 | $0.00 |
| 8/19/2016 | $35.00 | $14.53 | $13.53 | $0.00 | $0.00 |
| 8/19/2016 | $36.00 | $14.47 | $13.67 | $0.00 | $0.00 |
| 8/19/2016 | $37.00 | $14.23 | $13.43 | $0.00 | $0.00 |
| 8/19/2016 | $38.00 | $13.79 | $13.19 | $0.00 | $0.00 |
| 8/19/2016 | $39.00 | $13.07 | $12.49 | $0.00 | $0.00 |
| 8/19/2016 | $40.00 | $12.85 | $12.20 | $0.00 | $0.00 |
| 8/19/2016 | $41.00 | $12.34 | $11.71 | $0.00 | $0.00 |
| 8/19/2016 | $42.00 | $11.08 | $10.55 | $0.00 | $0.00 |
| 8/19/2016 | $43.00 | $10.35 | $9.87 | $0.00 | $0.00 |
| 8/19/2016 | $44.00 | $9.43 | $9.00 | $0.00 | $0.00 |
| 8/19/2016 | $45.00 | $8.53 | $8.10 | $0.00 | $0.00 |
| 8/19/2016 | $46.00 | $7.58 | $7.25 | $0.00 | $0.00 |
| 8/19/2016 | $47.00 | $6.66 | $6.23 | $0.00 | $0.00 |
| 8/19/2016 | $48.00 | $5.64 | $5.36 | $0.00 | $0.00 |
| 8/19/2016 | $49.00 | $4.84 | $4.49 | $0.00 | $0.00 |
| 8/19/2016 | $50.00 | $4.23 | $3.90 | $0.00 | $0.00 |
| 8/19/2016 | $55.00 | $0.88 | $0.80 | $0.00 | $0.00 |
| 8/19/2016 | $60.00 | $0.30 | $0.15 | $0.00 | $0.00 |
| 8/19/2016 | $65.00 | $0.00 | $0.02 | $0.00 | $0.00 |
| 9/16/2016 | $45.00 | $0.00 | $7.69 | $0.00 | $0.00 |
| 9/16/2016 | $50.00 | $0.00 | $4.53 | $0.00 | $0.00 |
| 9/16/2016 | $55.00 | $0.00 | $1.89 | $0.00 | $0.00 |
| 9/16/2016 | $60.00 | $0.00 | $0.92 | $0.00 | $0.00 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 9/16/2016 | $65.00 | $0.00 | $0.46 | $0.00 | $0.00 |
| 9/16/2016 | $70.00 | $0.00 | $0.27 | $0.00 | $0.00 |
| 9/16/2016 | $75.00 | $0.00 | $0.17 | $0.00 | $0.00 |
| 11/18/2016 | $24.00 | $0.00 | $14.16 | $0.00 | $0.00 |
| 11/18/2016 | $35.00 | $0.00 | $12.07 | $0.00 | $0.00 |
| 11/18/2016 | $37.00 | $0.00 | $10.72 | $0.00 | $0.00 |
| 11/18/2016 | $39.00 | $0.00 | $10.33 | $0.00 | $0.00 |
| 11/18/2016 | $40.00 | $0.00 | $9.84 | $0.00 | $0.00 |
| 11/18/2016 | $41.00 | $0.00 | $9.55 | $0.00 | $0.00 |
| 11/18/2016 | $42.00 | $0.00 | $8.90 | $0.00 | $0.00 |
| 11/18/2016 | $43.00 | $0.00 | $8.41 | $0.00 | $0.00 |
| 11/18/2016 | $44.00 | $0.00 | $7.86 | $0.00 | $0.00 |
| 11/18/2016 | $45.00 | $0.00 | $7.32 | $0.00 | $0.00 |
| 11/18/2016 | $46.00 | $0.00 | $6.81 | $0.00 | $0.00 |
| 11/18/2016 | $47.00 | $0.00 | $6.28 | $0.00 | $0.00 |
| 11/18/2016 | $48.00 | $0.00 | $5.89 | $0.00 | $0.00 |
| 11/18/2016 | $49.00 | $0.00 | $5.50 | $0.00 | $0.00 |
| 11/18/2016 | $50.00 | $0.00 | $5.14 | $0.00 | $0.00 |
| 11/18/2016 | $55.00 | $0.00 | $2.91 | $0.00 | $0.00 |
| 11/18/2016 | $60.00 | $0.00 | $1.60 | $0.00 | $0.00 |
| 11/18/2016 | $65.00 | $0.00 | $0.80 | $0.00 | $0.00 |
| 11/18/2016 | $70.00 | $0.00 | $0.34 | $0.00 | $0.00 |
| 2/17/2017 | $20.00 | $0.00 | $0.00 | $4.70 | $14.10 |
| 2/17/2017 | $25.00 | $0.00 | $16.65 | $3.70 | $9.80 |
| 2/17/2017 | $26.00 | $0.00 | $17.25 | $4.30 | $8.25 |
| 2/17/2017 | $28.00 | $0.00 | $16.81 | $4.20 | $6.35 |
| 2/17/2017 | $29.00 | $0.00 | $17.21 | $4.60 | $5.00 |
| 2/17/2017 | $30.00 | $0.00 | $15.82 | $3.50 | $4.95 |
| 2/17/2017 | $31.00 | $0.00 | $16.82 | $4.75 | $3.05 |
| 2/17/2017 | $32.00 | $0.00 | $15.61 | $3.63 | $2.93 |
| 2/17/2017 | $33.00 | $0.00 | $15.38 | $3.50 | $2.20 |
| 2/17/2017 | $34.00 | $0.00 | $15.09 | $3.40 | $1.45 |
| 2/17/2017 | $35.00 | $0.00 | $13.58 | $2.33 | $0.80 |
| 2/17/2017 | $36.00 | $0.00 | $13.60 | $2.35 | $0.40 |
| 2/17/2017 | $37.00 | $0.00 | $12.66 | $1.65 | $0.25 |
| 2/17/2017 | $38.00 | $0.00 | $11.65 | $1.18 | $0.13 |
| 2/17/2017 | $39.00 | $0.00 | $10.68 | $0.55 | $0.13 |
| 2/17/2017 | $40.00 | $0.00 | $10.34 | $0.45 | $0.05 |
| 2/17/2017 | $41.00 | $0.00 | $9.85 | $0.25 | $0.05 |
| 2/17/2017 | $42.00 | $0.00 | $9.42 | $0.25 | $0.03 |
| 2/17/2017 | $43.00 | $0.00 | $8.93 | $0.15 | $0.03 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 2/17/2017 | $44.00 | $0.00 | $8.25 | $0.10 | $0.03 |
| 2/17/2017 | $45.00 | $0.00 | $7.72 | $0.08 | $0.03 |
| 2/17/2017 | $46.00 | $0.00 | $7.14 | $0.13 | $0.03 |
| 2/17/2017 | $47.00 | $0.00 | $6.58 | $0.08 | $0.03 |
| 2/17/2017 | $48.00 | $0.00 | $6.09 | $0.13 | $0.03 |
| 2/17/2017 | $49.00 | $0.00 | $6.14 | $0.08 | $0.03 |
| 2/17/2017 | $50.00 | $0.00 | $5.67 | $0.00 | $0.03 |
| 2/17/2017 | $55.00 | $0.00 | $3.22 | $0.00 | $0.03 |
| 2/17/2017 | $60.00 | $0.00 | $2.02 | $0.08 | $0.03 |
| 2/17/2017 | $65.00 | $0.00 | $1.50 | $0.05 | $0.03 |
| 2/17/2017 | $70.00 | $0.00 | $0.58 | $0.05 | $0.03 |
| 2/17/2017 | $75.00 | $0.00 | $0.34 | $0.05 | $0.03 |
| 3/17/2017 | $28.00 | $0.00 | $0.00 | $4.65 | $6.20 |
| 3/17/2017 | $36.00 | $0.00 | $0.00 | $2.25 | $1.30 |
| 3/17/2017 | $37.00 | $0.00 | $0.00 | $1.88 | $0.88 |
| 3/17/2017 | $38.00 | $0.00 | $0.00 | $1.60 | $0.53 |
| 3/17/2017 | $39.00 | $0.00 | $0.00 | $1.15 | $0.48 |
| 3/17/2017 | $40.00 | $0.00 | $0.00 | $0.93 | $0.40 |
| 3/17/2017 | $41.00 | $0.00 | $0.00 | $0.73 | $0.28 |
| 3/17/2017 | $42.00 | $0.00 | $0.00 | $0.58 | $0.23 |
| 3/17/2017 | $43.00 | $0.00 | $0.00 | $0.43 | $0.18 |
| 3/17/2017 | $44.00 | $0.00 | $0.00 | $0.35 | $0.10 |
| 3/17/2017 | $45.00 | $0.00 | $0.00 | $0.23 | $0.13 |
| 3/17/2017 | $46.00 | $0.00 | $0.00 | $0.08 | $0.23 |
| 3/17/2017 | $48.00 | $0.00 | $0.00 | $0.03 | $0.13 |
| 3/17/2017 | $50.00 | $0.00 | $0.00 | $0.10 | $0.03 |
| 5/19/2017 | $25.00 | $0.00 | $0.00 | $4.35 | $9.60 |
| 5/19/2017 | $29.00 | $0.00 | $0.00 | $3.90 | $6.20 |
| 5/19/2017 | $30.00 | $0.00 | $0.00 | $3.35 | $5.85 |
| 5/19/2017 | $32.00 | $0.00 | $0.00 | $3.15 | $4.45 |
| 5/19/2017 | $33.00 | $0.00 | $0.00 | $3.25 | $3.75 |
| 5/19/2017 | $34.00 | $0.00 | $0.00 | $2.35 | $3.15 |
| 5/19/2017 | $35.00 | $0.00 | $0.00 | $2.88 | $2.68 |
| 5/19/2017 | $36.00 | $0.00 | $0.00 | $2.23 | $2.28 |
| 5/19/2017 | $37.00 | $0.00 | $0.00 | $1.93 | $1.93 |
| 5/19/2017 | $38.00 | $0.00 | $0.00 | $1.70 | $1.60 |
| 5/19/2017 | $39.00 | $0.00 | $0.00 | $1.65 | $1.25 |
| 5/19/2017 | $40.00 | $0.00 | $0.00 | $1.33 | $1.10 |
| 5/19/2017 | $41.00 | $0.00 | $0.00 | $1.23 | $0.90 |
| 5/19/2017 | $42.00 | $0.00 | $0.00 | $1.13 | $0.75 |
| 5/19/2017 | $43.00 | $0.00 | $0.00 | $1.03 | $0.58 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 5/19/2017 | $44.00 | $0.00 | $0.00 | $0.85 | $0.50 |
| 5/19/2017 | $45.00 | $0.00 | $0.00 | $0.68 | $0.45 |
| 5/19/2017 | $46.00 | $0.00 | $0.00 | $0.68 | $0.33 |
| 5/19/2017 | $47.00 | $0.00 | $0.00 | $0.55 | $0.30 |
| 5/19/2017 | $48.00 | $0.00 | $0.00 | $0.35 | $0.28 |
| 5/19/2017 | $49.00 | $0.00 | $0.00 | $0.28 | $0.43 |
| 5/19/2017 | $50.00 | $0.00 | $0.00 | $0.48 | $0.15 |
| 5/19/2017 | $55.00 | $0.00 | $0.00 | $0.30 | $0.10 |
| 8/18/2017 | $22.00 | $0.00 | $0.00 | $3.50 | $13.15 |
| 8/18/2017 | $25.00 | $0.00 | $0.00 | $3.40 | $10.00 |
| 8/18/2017 | $30.00 | $0.00 | $0.00 | $2.80 | $6.60 |
| 8/18/2017 | $34.00 | $0.00 | $0.00 | $2.60 | $3.80 |
| 8/18/2017 | $35.00 | $0.00 | $0.00 | $2.80 | $3.35 |
| 8/18/2017 | $36.00 | $0.00 | $0.00 | $2.23 | $2.93 |
| 8/18/2017 | $38.00 | $0.00 | $0.00 | $1.98 | $2.03 |
| 8/18/2017 | $39.00 | $0.00 | $0.00 | $1.78 | $1.73 |
| 8/18/2017 | $40.00 | $0.00 | $0.00 | $1.45 | $1.63 |
| 8/18/2017 | $41.00 | $0.00 | $0.00 | $1.30 | $1.28 |
| 8/18/2017 | $42.00 | $0.00 | $0.00 | $1.20 | $1.03 |
| 8/18/2017 | $43.00 | $0.00 | $0.00 | $1.10 | $0.88 |
| 8/18/2017 | $44.00 | $0.00 | $0.00 | $0.98 | $0.83 |
| 8/18/2017 | $45.00 | $0.00 | $0.00 | $0.78 | $0.83 |
| 8/18/2017 | $46.00 | $0.00 | $0.00 | $0.23 | $1.18 |
| 8/18/2017 | $47.00 | $0.00 | $0.00 | $0.33 | $0.88 |
| 8/18/2017 | $48.00 | $0.00 | $0.00 | $0.53 | $0.50 |
| 8/18/2017 | $50.00 | $0.00 | $0.00 | $0.40 | $0.35 |
| 1/19/2018 | $20.00 | $0.00 | $0.00 | $3.80 | $14.90 |
| 1/19/2018 | $23.00 | $0.00 | $0.00 | $3.40 | $12.40 |
| 1/19/2018 | $25.00 | $0.00 | $0.00 | $3.35 | $11.05 |
| 1/19/2018 | $30.00 | $0.00 | $0.00 | $2.30 | $7.30 |
| 1/19/2018 | $35.00 | $0.00 | $0.00 | $2.90 | $4.30 |
| 1/19/2018 | $40.00 | $0.00 | $0.00 | $1.68 | $2.53 |
| 1/19/2018 | $45.00 | $0.00 | $0.00 | $1.20 | $1.28 |
| 1/19/2018 | $50.00 | $0.00 | $0.00 | $0.83 | $0.60 |
| 1/19/2018 | $55.00 | $0.00 | $0.00 | $0.38 | $0.23 |
| 1/18/2019 | $20.00 | $0.00 | $0.00 | $3.60 | $16.00 |
| 1/18/2019 | $25.00 | $0.00 | $0.00 | $2.90 | $12.35 |
| 1/18/2019 | $28.00 | $0.00 | $0.00 | $3.20 | $10.05 |
| 1/18/2019 | $30.00 | $0.00 | $0.00 | $3.45 | $9.05 |
| 1/18/2019 | $35.00 | $0.00 | $0.00 | $2.50 | $6.30 |
| 1/18/2019 | $37.00 | $0.00 | $0.00 | $2.50 | $5.20 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 1/18/2019 | $40.00 | $0.00 | $0.00 | $1.95 | $4.25 |
| 1/18/2019 | $42.00 | $0.00 | $0.00 | $2.15 | $3.60 |
| 1/18/2019 | $45.00 | $0.00 | $0.00 | $1.15 | $3.15 |
| 1/18/2019 | $47.00 | $0.00 | $0.00 | $0.85 | $2.75 |
| 1/18/2019 | $50.00 | $0.00 | $0.00 | $1.00 | $1.85 |
| 1/18/2019 | $55.00 | $0.00 | $0.00 | $0.60 | $1.20 |

**TABLE 4**

**Hain Put Options**
**Alleged Artificial Deflation Per Share During Trading Periods**

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 2/19/2016 | $28.00 | $0.13 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $29.00 | $0.05 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $30.00 | $0.18 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $31.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $32.00 | $0.25 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $33.00 | $0.30 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $34.00 | $0.38 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $35.00 | $0.53 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $36.00 | $0.53 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $37.00 | $0.68 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $38.00 | $0.73 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $39.00 | $1.00 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $40.00 | $1.00 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $43.00 | $1.45 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $45.00 | $1.50 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $50.00 | $1.70 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $55.00 | $1.95 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $60.00 | $1.60 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $65.00 | $1.75 | $0.00 | $0.00 | $0.00 |
| 2/19/2016 | $70.00 | $1.60 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $30.00 | $0.15 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $31.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $32.00 | $0.30 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $33.00 | $0.33 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $34.00 | $0.38 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $35.00 | $0.45 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $36.00 | $0.45 | $0.00 | $0.00 | $0.00 |
| 3/18/2016 | $37.00 | $0.60 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $30.00 | $0.15 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $31.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $32.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $33.00 | $0.23 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $34.00 | $0.33 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $35.00 | $0.40 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $36.00 | $0.45 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $37.00 | $0.40 | $0.00 | $0.00 | $0.00 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 5/20/2016 | $38.00 | $0.65 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $39.00 | $0.65 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $40.00 | $0.70 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $45.00 | $1.15 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $50.00 | $1.55 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $55.00 | $0.90 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $60.00 | $1.10 | $0.00 | $0.00 | $0.00 |
| 5/20/2016 | $65.00 | $1.30 | $0.00 | $0.00 | $0.00 |
| 8/19/2016 | $24.00 | $0.19 | $0.19 | $0.00 | $0.00 |
| 8/19/2016 | $25.00 | $0.05 | $0.00 | $0.00 | $0.00 |
| 8/19/2016 | $27.00 | $0.23 | $0.10 | $0.00 | $0.00 |
| 8/19/2016 | $30.00 | $0.28 | $0.00 | $0.00 | $0.00 |
| 8/19/2016 | $31.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 8/19/2016 | $35.00 | $0.50 | $0.10 | $0.00 | $0.00 |
| 8/19/2016 | $36.00 | $0.60 | $0.00 | $0.00 | $0.00 |
| 8/19/2016 | $37.00 | $0.50 | $0.00 | $0.00 | $0.00 |
| 8/19/2016 | $38.00 | $0.72 | $0.07 | $0.00 | $0.00 |
| 8/19/2016 | $39.00 | $1.09 | $0.44 | $0.00 | $0.00 |
| 8/19/2016 | $40.00 | $1.96 | $1.21 | $0.00 | $0.00 |
| 8/19/2016 | $41.00 | $2.40 | $1.65 | $0.00 | $0.00 |
| 8/19/2016 | $42.00 | $3.27 | $2.47 | $0.00 | $0.00 |
| 8/19/2016 | $43.00 | $4.05 | $3.30 | $0.00 | $0.00 |
| 8/19/2016 | $44.00 | $5.11 | $4.36 | $0.00 | $0.00 |
| 8/19/2016 | $45.00 | $6.28 | $5.43 | $0.00 | $0.00 |
| 8/19/2016 | $46.00 | $7.20 | $6.30 | $0.00 | $0.00 |
| 8/19/2016 | $47.00 | $8.60 | $7.30 | $0.00 | $0.00 |
| 8/19/2016 | $48.00 | $9.22 | $8.27 | $0.00 | $0.00 |
| 8/19/2016 | $49.00 | $10.44 | $9.09 | $0.00 | $0.00 |
| 8/19/2016 | $50.00 | $10.99 | $9.94 | $0.00 | $0.00 |
| 8/19/2016 | $55.00 | $13.78 | $12.68 | $0.00 | $0.00 |
| 8/19/2016 | $60.00 | $14.58 | $13.38 | $0.00 | $0.00 |
| 8/19/2016 | $65.00 | $0.00 | $13.38 | $0.00 | $0.00 |
| 9/16/2016 | $45.00 | $0.00 | $5.99 | $0.00 | $0.00 |
| 9/16/2016 | $50.00 | $0.00 | $9.31 | $0.00 | $0.00 |
| 9/16/2016 | $55.00 | $0.00 | $11.49 | $0.00 | $0.00 |
| 9/16/2016 | $60.00 | $0.00 | $12.37 | $0.00 | $0.00 |
| 9/16/2016 | $65.00 | $0.00 | $13.00 | $0.00 | $0.00 |
| 9/16/2016 | $70.00 | $0.00 | $13.29 | $0.00 | $0.00 |
| 11/18/2016 | $33.00 | $0.00 | $1.19 | $0.00 | $0.00 |
| 11/18/2016 | $34.00 | $0.00 | $1.43 | $0.00 | $0.00 |
| 11/18/2016 | $35.00 | $0.00 | $1.77 | $0.00 | $0.00 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 11/18/2016 | $36.00 | $0.00 | $1.94 | $0.00 | $0.00 |
| 11/18/2016 | $37.00 | $0.00 | $2.38 | $0.00 | $0.00 |
| 11/18/2016 | $38.00 | $0.00 | $2.96 | $0.00 | $0.00 |
| 11/18/2016 | $39.00 | $0.00 | $3.30 | $0.00 | $0.00 |
| 11/18/2016 | $40.00 | $0.00 | $3.88 | $0.00 | $0.00 |
| 11/18/2016 | $41.00 | $0.00 | $4.22 | $0.00 | $0.00 |
| 11/18/2016 | $42.00 | $0.00 | $4.63 | $0.00 | $0.00 |
| 11/18/2016 | $43.00 | $0.00 | $5.19 | $0.00 | $0.00 |
| 11/18/2016 | $44.00 | $0.00 | $5.63 | $0.00 | $0.00 |
| 11/18/2016 | $45.00 | $0.00 | $6.26 | $0.00 | $0.00 |
| 11/18/2016 | $46.00 | $0.00 | $6.67 | $0.00 | $0.00 |
| 11/18/2016 | $47.00 | $0.00 | $7.25 | $0.00 | $0.00 |
| 11/18/2016 | $48.00 | $0.00 | $7.71 | $0.00 | $0.00 |
| 11/18/2016 | $49.00 | $0.00 | $8.27 | $0.00 | $0.00 |
| 11/18/2016 | $50.00 | $0.00 | $8.68 | $0.00 | $0.00 |
| 11/18/2016 | $55.00 | $0.00 | $10.72 | $0.00 | $0.00 |
| 11/18/2016 | $60.00 | $0.00 | $11.83 | $0.00 | $0.00 |
| 2/17/2017 | $22.00 | $0.00 | $0.00 | $0.03 | $0.10 |
| 2/17/2017 | $24.00 | $0.00 | $0.00 | $0.03 | $0.13 |
| 2/17/2017 | $26.00 | $0.00 | $0.39 | $0.05 | $0.13 |
| 2/17/2017 | $28.00 | $0.00 | $0.03 | $0.03 | $0.10 |
| 2/17/2017 | $30.00 | $0.00 | $0.92 | $0.00 | $0.03 |
| 2/17/2017 | $32.00 | $0.00 | $1.24 | $0.03 | $0.13 |
| 2/17/2017 | $33.00 | $0.00 | $1.49 | $0.08 | $0.18 |
| 2/17/2017 | $34.00 | $0.00 | $2.17 | $0.28 | $0.35 |
| 2/17/2017 | $35.00 | $0.00 | $2.84 | $0.80 | $0.93 |
| 2/17/2017 | $36.00 | $0.00 | $3.15 | $0.70 | $1.45 |
| 2/17/2017 | $37.00 | $0.00 | $4.59 | $1.80 | $2.13 |
| 2/17/2017 | $38.00 | $0.00 | $5.82 | $2.43 | $3.05 |
| 2/17/2017 | $39.00 | $0.00 | $6.71 | $3.05 | $4.20 |
| 2/17/2017 | $40.00 | $0.00 | $7.72 | $3.50 | $5.30 |
| 2/17/2017 | $41.00 | $0.00 | $8.45 | $3.75 | $6.40 |
| 2/17/2017 | $42.00 | $0.00 | $9.34 | $4.13 | $7.35 |
| 2/17/2017 | $43.00 | $0.00 | $9.13 | $3.50 | $8.20 |
| 2/17/2017 | $44.00 | $0.00 | $9.74 | $3.65 | $9.30 |
| 2/17/2017 | $45.00 | $0.00 | $10.47 | $4.00 | $10.25 |
| 2/17/2017 | $46.00 | $0.00 | $10.69 | $3.95 | $11.25 |
| 2/17/2017 | $47.00 | $0.00 | $11.50 | $4.25 | $12.35 |
| 2/17/2017 | $48.00 | $0.00 | $11.31 | $3.65 | $13.20 |
| 2/17/2017 | $49.00 | $0.00 | $12.53 | $4.50 | $14.75 |
| 2/17/2017 | $50.00 | $0.00 | $12.44 | $4.00 | $15.30 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 2/17/2017 | $55.00 | $0.00 | $14.32 | $3.80 | $20.35 |
| 2/17/2017 | $60.00 | $0.00 | $15.93 | $3.95 | $25.45 |
| 3/17/2017 | $30.00 | $0.00 | $0.00 | $0.03 | $0.33 |
| 3/17/2017 | $33.00 | $0.00 | $0.00 | $0.58 | $0.83 |
| 3/17/2017 | $34.00 | $0.00 | $0.00 | $0.80 | $1.20 |
| 3/17/2017 | $35.00 | $0.00 | $0.00 | $1.20 | $1.65 |
| 3/17/2017 | $36.00 | $0.00 | $0.00 | $1.43 | $2.20 |
| 3/17/2017 | $37.00 | $0.00 | $0.00 | $1.73 | $2.83 |
| 3/17/2017 | $38.00 | $0.00 | $0.00 | $2.10 | $3.60 |
| 3/17/2017 | $39.00 | $0.00 | $0.00 | $2.80 | $4.80 |
| 3/17/2017 | $40.00 | $0.00 | $0.00 | $3.08 | $5.65 |
| 3/17/2017 | $41.00 | $0.00 | $0.00 | $3.75 | $7.05 |
| 3/17/2017 | $42.00 | $0.00 | $0.00 | $3.70 | $7.75 |
| 3/17/2017 | $43.00 | $0.00 | $0.00 | $3.55 | $8.40 |
| 3/17/2017 | $45.00 | $0.00 | $0.00 | $3.90 | $10.35 |
| 3/17/2017 | $48.00 | $0.00 | $0.00 | $4.70 | $13.80 |
| 5/19/2017 | $27.00 | $0.00 | $0.00 | $0.28 | $0.48 |
| 5/19/2017 | $28.00 | $0.00 | $0.00 | $0.15 | $0.43 |
| 5/19/2017 | $30.00 | $0.00 | $0.00 | $0.38 | $0.75 |
| 5/19/2017 | $32.00 | $0.00 | $0.00 | $0.63 | $1.38 |
| 5/19/2017 | $33.00 | $0.00 | $0.00 | $0.80 | $1.63 |
| 5/19/2017 | $34.00 | $0.00 | $0.00 | $1.05 | $2.13 |
| 5/19/2017 | $35.00 | $0.00 | $0.00 | $1.28 | $2.63 |
| 5/19/2017 | $36.00 | $0.00 | $0.00 | $1.45 | $3.10 |
| 5/19/2017 | $37.00 | $0.00 | $0.00 | $1.68 | $3.75 |
| 5/19/2017 | $38.00 | $0.00 | $0.00 | $1.80 | $4.35 |
| 5/19/2017 | $39.00 | $0.00 | $0.00 | $2.23 | $5.25 |
| 5/19/2017 | $40.00 | $0.00 | $0.00 | $2.30 | $5.95 |
| 5/19/2017 | $41.00 | $0.00 | $0.00 | $2.95 | $7.10 |
| 5/19/2017 | $42.00 | $0.00 | $0.00 | $3.25 | $8.05 |
| 5/19/2017 | $43.00 | $0.00 | $0.00 | $3.20 | $8.80 |
| 5/19/2017 | $44.00 | $0.00 | $0.00 | $3.55 | $9.70 |
| 5/19/2017 | $45.00 | $0.00 | $0.00 | $3.05 | $10.70 |
| 5/19/2017 | $46.00 | $0.00 | $0.00 | $4.30 | $12.15 |
| 5/19/2017 | $47.00 | $0.00 | $0.00 | $4.20 | $12.95 |
| 5/19/2017 | $48.00 | $0.00 | $0.00 | $3.75 | $13.60 |
| 5/19/2017 | $49.00 | $0.00 | $0.00 | $4.25 | $14.80 |
| 5/19/2017 | $50.00 | $0.00 | $0.00 | $3.45 | $15.15 |
| 5/19/2017 | $55.00 | $0.00 | $0.00 | $4.60 | $20.95 |
| 8/18/2017 | $30.00 | $0.00 | $0.00 | $0.55 | $1.28 |
| 8/18/2017 | $31.00 | $0.00 | $0.00 | $0.83 | $1.70 |

| Expiration Date | Strike Price | November 5, 2013 - January 21, 2016 | January 22, 2016 - August 15, 2016 | August 16, 2016 - February 10, 2017 | Holding Value |
|---|---|---|---|---|---|
| 8/18/2017 | $33.00 | $0.00 | $0.00 | $1.08 | $2.38 |
| 8/18/2017 | $34.00 | $0.00 | $0.00 | $1.30 | $2.88 |
| 8/18/2017 | $35.00 | $0.00 | $0.00 | $1.45 | $3.30 |
| 8/18/2017 | $36.00 | $0.00 | $0.00 | $1.45 | $3.80 |
| 8/18/2017 | $37.00 | $0.00 | $0.00 | $1.98 | $4.60 |
| 8/18/2017 | $38.00 | $0.00 | $0.00 | $1.85 | $5.05 |
| 8/18/2017 | $39.00 | $0.00 | $0.00 | $2.25 | $5.80 |
| 8/18/2017 | $40.00 | $0.00 | $0.00 | $2.30 | $6.50 |
| 8/18/2017 | $42.00 | $0.00 | $0.00 | $2.60 | $8.05 |
| 8/18/2017 | $43.00 | $0.00 | $0.00 | $3.60 | $9.60 |
| 8/18/2017 | $45.00 | $0.00 | $0.00 | $3.50 | $11.20 |
| 8/18/2017 | $47.00 | $0.00 | $0.00 | $4.65 | $13.10 |
| 8/18/2017 | $48.00 | $0.00 | $0.00 | $3.40 | $13.70 |
| 8/18/2017 | $50.00 | $0.00 | $0.00 | $3.50 | $15.30 |
| 8/18/2017 | $55.00 | $0.00 | $0.00 | $3.65 | $20.15 |
| 1/19/2018 | $25.00 | $0.00 | $0.00 | $0.10 | $0.63 |
| 1/19/2018 | $30.00 | $0.00 | $0.00 | $0.80 | $1.88 |
| 1/19/2018 | $35.00 | $0.00 | $0.00 | $0.40 | $3.85 |
| 1/19/2018 | $40.00 | $0.00 | $0.00 | $1.90 | $7.00 |
| 1/19/2018 | $45.00 | $0.00 | $0.00 | $2.70 | $10.90 |
| 1/19/2018 | $50.00 | $0.00 | $0.00 | $3.20 | $15.35 |
| 1/18/2019 | $23.00 | $0.00 | $0.00 | $0.15 | $1.23 |
| 1/18/2019 | $25.00 | $0.00 | $0.00 | $0.43 | $1.65 |
| 1/18/2019 | $28.00 | $0.00 | $0.00 | $0.70 | $2.45 |
| 1/18/2019 | $30.00 | $0.00 | $0.00 | $0.70 | $3.03 |
| 1/18/2019 | $35.00 | $0.00 | $0.00 | $1.05 | $5.20 |
| 1/18/2019 | $37.00 | $0.00 | $0.00 | $1.65 | $6.55 |
| 1/18/2019 | $40.00 | $0.00 | $0.00 | $2.45 | $8.85 |
| 1/18/2019 | $42.00 | $0.00 | $0.00 | $2.70 | $10.25 |
| 1/18/2019 | $45.00 | $0.00 | $0.00 | $3.20 | $12.60 |
| 1/18/2019 | $55.00 | $0.00 | $0.00 | $3.40 | $20.60 |

# Exhibit A-2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE HAIN CELESTIAL GROUP INC., SECURITIES LITIGATION | Case No. 2:16-cv-04581-JS-LGD<br><br>Hon. Lee G. Dunst |

**PROOF OF CLAIM AND RELEASE FORM**

## I. GENERAL INSTRUCTIONS

1. To recover as a member of the Settlement Class based on your claims in the class action entitled *In re The Hain Celestial Group Inc. Securities Litigation,* 2:16-cv-04581-JS-LGD (E.D.N.Y.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.[1]

2. **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.______ NO LATER THAN ___________, 2026, OR, IF MAILED, BE POSTMARKED NO LATER THAN ____________, 2026, ADDRESSED AS FOLLOWS:**

*Hain Celestial Securities Settlement*
c/o Verita Global, LLC
P.O. Box ___
___
__, __ __

3. If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of _____ ____, 2026 (the "Stipulation"), available at www.____.com.

## II. CLAIMANT IDENTIFICATION

4. If you purchased or otherwise acquired the publicly traded common stock of Hain Celestial Group, Inc. and/or exchange traded call or put options on such publicly traded common stock (collectively, "Hain Securities"), during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the "Class Period"), and held the Hain Securities in your name, you are the beneficial and record owner of the securities. If, however, the securities were purchased or acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5. Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Hain Securities that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6. All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. IDENTIFICATION OF TRANSACTIONS

7. Use **Part II** of this form to supply all required details of the transaction(s) in Hain Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8. On the schedules, provide all of the requested information with respect to the purchases or acquisitions of Hain Securities, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Hain common stock. The date of a "short sale" is deemed to be the date of sale.

10. Claims must be accompanied by adequate supporting documentation for the transactions reported in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel. Self-generated emails or spreadsheets are not sufficient. Failure to provide sufficient documentation could delay verification of your claim or result in rejection of your claim. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN HAIN SECURITIES.**

11. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (___) __-__ to obtain the required file layout or visit www.___.com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name MI Beneficial Owner's Last Name

Co-Beneficial Owner's First Name MI Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City State ZIP/Postal Code

Foreign Country (only if not USA) Foreign County (only if not USA)

Social Security No. (last four digits only) ________________

Taxpayer Identification No. (last four digits only) ________________

Telephone Number (home) ___-___-____

Telephone Number (work) ___-___-____

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

- ☐ Individual (includes joint owner accounts)
- ☐ Corporation
- ☐ IRA/401K
- ☐ Pension Plan
- ☐ Estate
- ☐ Other ______ (please specify)
- ☐ Trust

## PART II - SCHEDULE OF TRANSACTIONS IN HAIN SECURITIES

### PART A: HAIN PUBLICLY TRADED COMMON STOCK

**1. BEGINNING HOLDINGS**–State the total number of shares of Hain Celestial publicly traded common stock held at the opening of trading on November 5, 2013. If none, write "0" or "Zero." (Must submit documentation.)____________________

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD**– Separately list each and every purchase and acquisition of Hain publicly traded common stock beginning on November 5, 2013 through, and including, February 10, 2017. (Must submit documentation.)

| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK BACK PERIOD**– State the total number of shares of Hain publicly traded common stock purchased/acquired from February 11, 2017 through the close of trading on May 12, 2017.[2] (Must submit documentation.) _____________

**4. SALES DURING THE CLASS PERIOD AND THE 90-DAY LOOKBACK PERIOD.** Separately list each and every sale of Hain publicly traded common stock from November 5, 2013 through, and including, the close of trading on May 12, 2017. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

[2] Information requested in this Claim Form with respect to purchases/acquisitions from February ~~13~~11, 2017~~,~~ through the close of trading on May 12, 2017~~,~~ is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

**5. ENDING HOLDINGS**– State the total number of shares of Hain publicly traded common stock held as of the close of trading on May 12, 2017. If none, write "0" or "Zero." (Must submit documentation.) ____________________

## PART B: HAIN EXCHANGE TRADED OPTIONS PURCHASES/REPURCHASES

1. I made the following purchases/repurchases of exchange traded options on Hain Celestial common stock during the period from November 5, 2013 through, and including, February 10, 2017, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) M M D D Y Y | Number of Option contracts acquired | Expiry Date (Month/Year) M M Y Y | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ◯ Put ◯ Call | | | | . | . | |
| ◯ Put ◯ Call | | | | . | . | |
| ◯ Put ◯ Call | | | | . | . | |
| ◯ Put ◯ Call | | | | . | . | |
| ◯ Put ◯ Call | | | | . | . | |
| ◯ Put ◯ Call | | | | . | . | |
| ◯ Put ◯ Call | | | | . | . | |
| ◯ Put ◯ Call | | | | . | . | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

**SALES/WRITTEN**

2. I sold/wrote the following exchange-traded put options on Hain common stock during the period from November 5, 2013 through, and including, February 10, 2017, inclusive.

| Option Type | Date(s) of transaction (List Chronologically) M M D D Y Y | Number of Option contracts acquired | Expiry Date (Month/Year) M M Y Y | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |

## IV. SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12. By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Notice. I (We) submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Hain Securities and other Hain Celestial securities, if required to do so. I (We) have not submitted any other claim covering the

same transactions in Hain Securities during the time periods herein and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

13. I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

14. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16. I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Hain Securities that occurred during the relevant time periods and the number of securities held by me (us), to the extent requested.

17. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.
Executed this __________ day of _____________________, 2026

| | |
|---|---|
| ______________________________ | ______________________________ |
| Signature of Claimant | Type or print name of Claimant |
| ______________________________ | ______________________________ |
| Signature of Joint Claimant, if any | Type or print name of Joint Claimant |

________________________________
Signature of person signing on behalf of Claimant

________________________________
Type or print name of person signing on behalf of Claimant

________________________________________________________________
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1. Sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Claim Form for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (___) ___-___ or email at ___.

6. If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE HAIN CELESTIAL GROUP INC., SECURITIES LITIGATION | Case No. 2:16-cv-04581-JS-LGD<br>Hon. Lee G. Dunst |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Hain Celestial Group, Inc., and exchange traded call and put options on such publicly traded common stock (collectively, "Hain Securities"), during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that Lead Plaintiffs Rosewood Funeral Home and Salamon Gimpel (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class, and The Hain Celestial Group, Inc. ("Hain" or the "Company"), Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith (the "Individual Defendants," and, together with Hain, "Defendants"), have reached a proposed full and complete settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $35,000,000 (the "Settlement").

A hearing will be held before the Court on ____, 2026, at __:__ _.m. (ET) at the United States District Court, Eastern District of New York, 100 Federal Plaza, Courtroom 830, Central Islip, New York 11722 (the "Settlement Hearing") to determine whether the Court should: (i)

approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice, as provided in the Stipulation and Agreement of Settlement, dated ___________, 2026; (iii) for purposes of the Settlement only, finally certify the Settlement Class, finally certify Lead Plaintiffs as Class Representatives for the Settlement Class, and finally appoint the law firms of Labaton Keller Sucharow LLP, Glancy Prongay Wolke & Rotter LLP, the Law Offices of Howard G. Smith, and The Schall Law Firm as Class Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (v) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Postcard Notice, you may obtain a copy, and the more detailed long-form Notice and Claim Form, by visiting the website for the Settlement, www._______, or by contacting the Claims Administrator at:

*Hain Celestial Securities Settlement*
c/o Verita Global, LLC
P.O. Box ____
___
City, STATE ZIP
(xxx) xxx-xxxx
info@________
www.___________

Inquiries, other than requests for information about the status of a claim, may also be made to:

**LABATON KELLER SUCHAROW LLP**

Christine M. Fox, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

**GLANCY PRONGAY WOLKE & ROTTER LLP**
Leanne Heine Solish, Esq.
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
settlements@glancylaw.com
(310) 201-9150

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than ________, 2026.*** If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be entitled to share in the distribution of the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Co-Lead Counsel in its discretion, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the long-form Notice so that it is ***received no later than ______, 2026.*** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, but you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the parties in accordance with the instructions in the long-form Notice so that they are ***received no later than _________, 2026***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: ___________________, 2026

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# Exhibit A-4

## Court-Ordered Legal Notice

Important Legal Notice Authorized by the United States District Court, Eastern District of New York about the Settlement of a Class Action.

**If you purchased or otherwise acquired Hain Celestial Group, Inc. publicly traded common stock, and/or exchange traded put and/or call options ("Hain Securities") during the period from November 5, 2013 through February 10, 2017, inclusive, a class action Settlement has been reached that will impact your legal rights.**

**You may be eligible for a cash payment. Please read this postcard carefully.**

For more information, please visit www.______________.com.

Scan QR Code for a more detailed notice about the proposed Settlement.

[ADD QR CODE]

*Hain Celestial Securities Settlement*
c/o Verita Global, LLC
P.O. Box XXX
City, Date Zip

Postal Service: Please do not mark barcode

[NAME1]
[ADDR2]
[CITY] [ST] [ZIP]
[COUNTRY]

This postcard is to inform you that a proposed Settlement totaling **$35,000,000** has been reached with The Hain Celestial Group, Inc. ("Hain"), Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith ("Defendants"), which will resolve all claims, and related claims, in the class action, *In re The Hain Celestial Group Inc. Sec. Litig.*, 2:16-cv-04581 (the "Action"). If approved, the Settlement will end the lawsuit, in which Lead Plaintiffs bring claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 20(a) of the Exchange Act, alleging, among other things, that Hain prematurely recorded revenue associated with concessions granted to certain U.S. distributors, allegedly rendering Hain's statements about the Company's business, operations, and prospects false or misleading.

You received this postcard because you, or an investment account you represent, may be a member of the proposed Settlement Class (explained below). The issuance of this postcard does not reflect the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit. Defendants deny all liability or wrongdoing. Capitalized terms not defined in this postcard have the meanings given in the Stipulation and Agreement of Settlement, dated as of _____ ___, 2026 (the "Stipulation"). THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT **WWW.____.COM** FOR MORE INFORMATION AND THE LONG-FORM NOTICE.

## What does the Settlement provide?

Defendants have agreed to cause the payment of **$35,000,000** in exchange for the settlement and release of all claims in the Action and related claims ("Released Plaintiffs' Claims"). The Settlement Amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims.

Your *pro rata* share of the Settlement proceeds will depend on, among other things, the number and value of submitted claims, how many eligible shares of Hain publicly traded common stock you bought, how many exchange traded options you traded, and when your Hain Securities were purchased, acquired, or sold. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be approximately $0.28 per eligible share before deduction of Court-approved fees and costs. Your portion of the Settlement proceeds will be determined by the plan of allocation approved by the Court. The proposed plan is in the long-form Notice.

## Am I affected by the Settlement?

Receipt of this postcard does not mean you are a Settlement Class Member. The Settlement Class is: **all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Hain, and/or exchange traded call and/or put options on such publicly traded common stock, during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").** Certain individuals and entities are excluded from the Settlement Class by definition.

## How do I get a payment?

Receipt of this postcard does not mean you are eligible for a recovery. To qualify for payment, you must submit a valid Claim Form, which can be found at **www._____.com**, or you can request one by contacting the Claims Administrator. Claim Forms must be postmarked by **_____, 2026** and be mailed to: *Hain Celestial Securities Settlement,* c/o Verita Global, LLC, P.O. Box ____, __, __ __, or be submitted online by **_____, 2026**.

## How will Plaintiffs' Counsel be paid?

The Court has appointed Labaton Keller Sucharow LLP, Glancy Prongay Wolke & Rotter LLP, the Law Offices of Howard G. Smith, and The Schall Law Firm as Co- Lead Counsel. They will ask the Court to award up to 33.3% of the Settlement Fund as attorneys' fees, plus expenses of no more than $950,000, which may include reimbursement to Lead Plaintiffs for their costs pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(4). These fees and costs would total approximately $0.10 per eligible share.

## What are my other options?

You may request exclusion from the Settlement Class by **______, 2026**; object to the Settlement, the plan of allocation, or the Fee and Expense Application by **_______, 2026**, or do nothing. If you exclude yourself, you may be able to pursue the claims being settled on your own, but you cannot get money from the Settlement or object. If the Court does not approve the Settlement, no payments will be made, and the lawsuit will continue. By doing nothing, you will get no payment, and you will not be able to sue any of the Released Defendant Parties for the Released Plaintiffs' Claims. The long-form Notice provides instructions for submitting a Claim Form, requesting exclusion, and objecting, and you must comply with all of the instructions. Visit **www.___________.com**.

## What happens next?

The Court will hold a hearing on **____, 2026 at __:__ _.m. (ET)** to consider whether to approve the Settlement, the Fee and Expense Application, or the plan of allocation. You will be represented by Co-Lead Counsel unless you enter an appearance through your own counsel, at your cost. You may attend the hearing and do not need an attorney to do so.

## Questions?

To learn more, scan the QR code, visit **www._______________.com**, call (XXX) XXX-XXXX, email info@______com, or write *Hain Celestial Securities Settlement* c/o Verita Global, LLC, P.O. Box ____, City, State, Zip.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE HAIN CELESTIAL GROUP INC., SECURITIES LITIGATION | Case No. 2:16-cv-04581-JS-LGD<br>Hon. Lee G. Dunst |

**[PROPOSED] FINAL JUDGMENT**

**WHEREAS:**

A. As of __________, 2026, Lead Plaintiffs Rosewood Funeral Home ("Rosewood") and Salamon Gimpel ("Gimpel," collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and The Hain Celestial Group, Inc. ("Hain" or the "Company"), Irwin D. Simon, Pasquale Conte, John Carroll, and Stephen J. Smith (the "Individual Defendants," and, together with Hain, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered ___________, 2026 (the "Preliminary Approval Order"), the Court scheduled a hearing for ____________, 2026 at __:___ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action and the Plan of Allocation on the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, or emailed on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be made available to Settlement Class Members; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____________, 2026;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On __________, 2026, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on ___________, 2026 at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

**NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____________, 2026; and (ii) the notices, which were filed with the Court on _____________, 2026. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement.** The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Hain, and exchange traded call and put options on such publicly traded common stock, (collectively, "Hain Securities"), during the period from November 5, 2013 through February 10, 2017, both dates inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Hain during the Class Period, and members of their

immediate families; (iv) any firm, trust, corporation, or other entity in which any excluded person or entity has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, or subsidiaries of Hain; (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vii) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court. [Exhibit A attached hereto lists the requests for exclusion that are timely and valid, according to the requirements identified in this Court's Preliminary Approval Order.]

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs as class representatives for the Settlement Class; and finally appoints the law firms of Labaton Keller Sucharow LLP, Glancy Prongay Wolke & Rotter LLP, the Law Offices of Howard G. Smith, and The Schall Law Firm as Class Counsel for the Settlement Class.

5. **Notice.** The Court finds that the dissemination and publication of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Lead Counsel's request for an award of attorneys' fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due,

adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

6. **Objections.** [There have been no objections to the Settlement.]

7. **Final Settlement Approval and Dismissal of Claims.** Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Second Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws, filed on May 6, 2019 (the "Second Amended Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings.** The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. **Releases.** The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein by reference.

11. Upon the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Released Defendant Parties with respect to all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

12. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors,

successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

13. Notwithstanding paragraphs 11–12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. **Binding Effect of Settlement.** Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15. **No Admissions.** This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or

the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or other wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable in this Action would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court. Notice and Administration Expenses and Taxes may be paid from the Settlement Fund, pursuant to the terms of the Stipulation.

17. **Termination of the Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 47 of the Stipulation.

18. **Extensions.** Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Fee Order and Order on Plan of Allocation**. A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _______ day of ______________, 2026

BY THE COURT:

______________________________
HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**